498 A.2d 961
**Barbara McKNIGHT**
v.
**James McKNIGHT, Appellant.**
Superior Court of Pennsylvania.
Argued March 12, 1985.
Filed Sept. 20, 1985.

Jules Mermelstein, Hatboro, for appellant.

Mercer D. Tate, Philadelphia, for appellee.

Before McEWEN, CERCONE and TROMMER,* JJ.

TROMMER, Judge:

Appeal is taken from the judgment entered pursuant to an order of the trial court partitioning land held by the parties as tenants in common. We reverse.

---

* Judge Evelyn M. Trommer, Senior Judge of the Court of Common Pleas of Philadelphia County, Pennsylvania, is sitting by designation.

Appellant and appellee were married on February 28, 1953. On June 2, 1959, they purchased the real estate in question as tenants by the entireties. On July 19, 1982, they were granted a divorce, pursuant to which neither party requested equitable distribution of the marital property. On November 4, 1983, appellee filed a Complaint in Partition, seeking partition and division of the premises in accordance with 68 P.S. § 501, *et seq.* On February 1, 1984, subsequent to a hearing on appellee's Motion for Judgment on the Pleadings, the trial court ordered that the property be partitioned and the proceeds divided equally between the parties, and appointed a Master in Partition.

Appellant contends on appeal that the trial court erred in granting the motion because he had alleged the equitable defense of lack of clean hands. The defense consisted of his reliance on an oral agreement between the parties that he would keep the subject real estate while appellee would keep some real estate which she had purchased in her name alone.

Initially, we note that subsequent to the parties' divorce, they owned the real estate as tenants in common pursuant to the partition statute:

Whenever any husband and wife, hereafter acquiring property as tenants by entireties, shall be divorced, they shall thereafter hold such property as tenants in common of equal one-half shares in value ...

Act of May 17, 1949, P.L. 1394, § 1, 68 P.S. § 501.

The parties' alleged oral agreement regarding the real estate was to transfer appellee's share of the property to appellant. As this agreement transferred an interest in the property, it would ordinarily be unenforceable as violative of the statute of frauds. Act of March 21, 1772, 1 Sm.L. 389 Section 1, 33 P.S. § 1. However, an exception is recognized for an oral partition of property held by tenants in common. This Court stated in *Bolinger v. Barnhardt,* 64 Pa.Super. 243, 255 (1916):

As pointed out by Justice MITCHELL in *Byers v. Byers,* 183 Pa. 509 [38 A. 1027], the cases have drawn the line between a mere parol agreement and an agreement followed by acts of the parties on the land itself indicating several possessions taken in execution of the agreement. 'The former is inoperative, but the latter is valid.' Its validity does not rest alone on the application of equitable principles to the part performance of a parol agreement relating to land but on the nature of tenancy in common. 'As each tenant has not only title, but joint and several possession of the whole and of every part, the change to a title in severalty in any specified part is not such a transfer of title to land as is within the mischief contemplated by the statute of frauds': *Byers v. Byers,* supra; *Mellon v. Reed,* 114 Pa. 647 [8 A. 227]; *McKnight v. Bell,* 135 Pa. 358 [19 A. 1036]; *Wolf v. Wolf,* 158 Pa. 621 [28 A. 164]. 'The result of such a partition does not convey a merely equitable right, but a right recognized and which will be enforced at law': *McKnight v. Bell,* supra.

*See also Wenger v. Wenger,* 57 Lanc.Rev. 171 (1960), and *Williamson v. Williamson,* 198 Fayette L.J. 186 (1950).

A judgment on the pleadings should not be entered when there are unknown or disputed issues of fact. *Gallo v. J.C. Penney Cas. Inc. Co.,* 328 Pa.Super. 267, 476 A.2d 1322 (1984). The trial court should have allowed appellant to present evidence regarding the alleged oral partition of the property. Accordingly, the grant of a judgment on the pleadings was premature.

Judgment reversed and case remanded for further proceedings. Jurisdiction relinquished.