667 A.2d 724

**Leslie MARCHETTI**

v.

**Kathryn KARPOWICH, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 5, 1995.

Filed Oct. 31, 1995.

---

510

Anthony J. Lucadamo, Hazleton, for appellant.

Charles R. Pedri, Hazleton, for appellee.

Before TAMILIA, FORD ELLIOTT and HESTER, JJ.

HESTER, Judge:

Kathryn Karpowich appeals the May 4, 1994 order awarding partition to appellee, Leslie Marchetti, of a parcel of real estate owned by the parties as joint tenants with right of survivorship. We affirm.

Appellee instituted this action in partition on January 26, 1995, and alleged the following. On October 1, 1993, the parties acquired title to real estate located at 608 South Street, Freeland, Pennsylvania, as joint tenants with right of survivorship. Appellee wanted to dispose of the property, but the parties were unable to come to an agreement regarding its disposition. Appellee requested that the court direct partition, set forth the respective shares of the parties, appoint a trustee for the sale of the real estate, and order the real estate sold and the proceeds divided between the parties in accordance with their respective shares.

In her answer to the complaint, appellant admitted the facts regarding ownership but averred that appellee did not have

the right to partition the property due to the existence of a personal agreement, a copy of which was attached to the answer.

The agreement, a one-page document executed on February 6, 1994, was drafted by appellant to protect the parties with respect to a mortgage taken out for the real estate. It provides, "In the event that either Leslie A. Marchetti or Kathryn Karpowich decides to permanently vacate the above mentioned property they must first give a full one year notice...." Agreement, 2/6/94, at 1. In addition, both parties signed a personal guarantee to give a full year's notice to the other party in the event either decided to leave the property. The personal guarantee provides that in the event one party vacates the premises, the other party has the right to buy out her interest in the property. During the one-year period, the vacating party contracted to continue to pay rent to the party in possession. The agreement also provides that if the party who has not vacated the house wants to keep it, the party who has vacated "cannot force [the non-vacating party] to sell [the house] just to get [her] share." *Id.* Appellant suggests this language prohibits partition.

A hearing was held on March 27, 1995. Testimony from both parties establishes that they no longer wish to live together and that they both continue to reside at the residence. Conflicting testimony, however, was offered regarding events occurring in December, 1994. Appellant presented the testimony of a mutual friend of the parties, Joanne M. DeGregorio, that appellee had told Ms. DeGregorio that appellee found the living arrangements intolerable and that appellee was staying at her grandmother's house. However, Ms. DeGregorio admitted that appellee never moved any of her furniture or personal belongings from the home.

Appellant admitted to drafting the agreement in question and indicated that she did so due to problems over the allocation of household chores. In October, 1994, appellee asked appellant if she would get another roommate and told appellant that she wanted to move. In return, appellant admitted that she told appellee that appellee could not leave

without satisfying the terms of the agreement by continuing to pay rent to her for one year after appellee left the home. Appellee then told appellant that she did not want to pay rent at two residences for one year.

Appellant then testified that on Christmas, 1994, appellee left the house and did not sleep there again until February 22, 1995. Appellant stated that appellee took clothing, her exercise bicycle, some personal items, and a bathroom scale. Appellant admitted that during that period, mail continued to arrive at the residence for appellee daily, that appellee came regularly to the house to pick up the mail, that appellee never moved her furniture from the home, and that appellee was living at the home at the time of the hearing.

Appellee's testimony differed significantly regarding the events of December, 1994. She stated that she never intended to vacate the house permanently as she was aware that if she did, she would trigger the clause regarding rent for the property for one year. She testified that she left the house in December, 1994, only for the holidays in order to care for her grandmother, who was sick.

Appellee confirmed that she never moved her furniture from the house and took only some clothing and personal items. She sold the exercise bike and did not take it to her grandmother's house. In addition, appellee stated that she works seven days a week and went to the home as often as she could to retrieve her mail. She never told anyone that she intended to vacate the property indefinitely. Her understanding of the clause prohibiting one party from forcing the other to sell the property was that it applied only if one party had vacated the home.

Based on this evidence, the trial court concluded that 1) the agreement prohibiting one party from forcing the other to sell the property applied only if a party had vacated the house; 2) appellee never vacated the house; 3) the condition precedent to operation of that clause was not satisfied; and 4) partition

was allowed. The trial court granted appellee her requested relief. This appeal followed.

▮▮▮ Initially, we note that

the scope of appellate review of a decree in equity is particularly limited, and that the findings of the Chancellor will not be reversed unless it appears that the Chancellor clearly committed an abuse of discretion or an error of law. Where credibility of witnesses is important to a determination, the findings of the Chancellor are entitled to particular weight because the Chancellor has the opportunity to observe their demeanor.

*DeMarchis v. D'Amico,* 432 Pa.Super. 152, 637 A.2d 1029, 1032 (1994); *accord Weir v. Estate of Ciao,* 521 Pa. 491, 556 A.2d 819 (1989) (it is trial court's function to judge credibility, and its findings will not be disturbed); *Fuisz v. Fuisz,* 386 Pa.Super. 591, 563 A.2d 540 (1989) (appellate courts are bound by the trial court's determination concerning the credibility of witnesses and weight to be accorded the evidence). We can review freely conclusions of law or factual determinations that merely are derived from facts supported by the evidence. *DeMarchis v. D'Amico, supra.* Thus, we are limited to a determination of whether there was an error of law, and the trial court's conclusions will not be disturbed unless they are not supported by the evidence or unless the court clearly abused its discretion. *Hostetter v. Hoover,* 378 Pa.Super. 1, 547 A.2d 1247 (1988).

▮▮▮ The purpose of a partition action is to allow joint owners of property, who no longer desire to own that particular property, to divest themselves of ownership. *In re Kasych,* 418 Pa.Super. 383, 614 A.2d 324 (1992); *Lombardo v. DeMarco,* 350 Pa.Super. 490, 504 A.2d 1256 (1985). The general rule is that each joint owner of real estate has an absolute right to partition the property. *In re Kasych, supra; Lombardo v. DeMarco, supra.* However, joint owners are free to enter agreements restricting the right of partition. *In re Kasych, supra.*

▮▮▮▮

▮▮▮▮ Appellant argues that under the agreement, partition is not permitted. We disagree based upon the clear language of the agreement that prohibits forced sale only when one of the parties has vacated the property. The touchstone of contract interpretation is as follows:

> When construing agreements involving clear and unambiguous terms, this Court need only examine the writing itself to give effect to the parties' understanding. *McMahon v. McMahon*, 417 Pa.Super. 592, 612 A.2d 1360 (1992) (*en banc*). The court must construe the contract only as written and may not modify the plain meaning of the words under the guise of interpretation. *Trumpp v. Trumpp*, 351 Pa.Super. 205, 505 A.2d 601 (1985). When the terms of a written contract are clear, this Court will not re-write it to give it a construction in conflict with the accepted and plain meaning of the language used. *Litwack v. Litwack*, 289 Pa.Super. 405, 433 A.2d 514 (1981)....

*Acme Markets, Inc. v. Federal Armored Express, Inc.*, 437 Pa.Super. 41, 46–47, 648 A.2d 1218, 1221 (1994), quoting *Creeks v. Creeks*, 422 Pa.Super. 432, 435, 619 A.2d 754, 756 (1993).

In the present case, the contract clearly provides that forced sale is only prohibited after the premises have been vacated by one party and the vacating party has asked the other party to purchase her interest. Thus, the language provides that the vacating party "cannot force [the non-vacating party] to sell [the house] just to get [her] share." It does not apply herein since appellee did not vacate the property, did not ask appellant to purchase her interest, and is not requesting partition "just to get her share." She is requesting partition since, as appellant testified, neither party wishes to live at the home with the other, neither party will vacate the premises, and neither party can agree on a buy-out regarding the other. The prohibition against forced sale was not triggered because appellee never vacated. In fact, appellant admitted that appellee still resides at the home.

 Appellant next argues that the trial court's finding that appellee had not vacated the home is not supported by the evidence. She bases her argument almost exclusively on the fact that appellee allegedly repeatedly stated that she *wanted to* vacate the home since the two women no longer are compatible. Statements of future intent do *not* render the deed performed. In fact, the evidence establishes conclusively that appellee never carried out her stated intent.

Appellant herself admitted that appellee never moved her furniture from the house, never changed her mailing address, and continued to visit the home regularly even during the period that she did not sleep there overnight. The evidence on this issue varies only with respect to the period during which appellee no longer stayed overnight. Appellant testified that it was approximately two months. However, appellee's testimony, which the trial court credited, was that she has stayed overnight continually at the home except for a brief period over the December holidays when she left to care for her grandmother. The only article of furniture taken from the home, an exercise bike, was sold and not moved into a different residence. Since the trial court's factual conclusion that appellee never vacated the premises is supported by the evidence, it is not subject to reversal.

 Appellant suggests that appellee cannot seek partition, an equitable remedy, due to the doctrine of unclean hands. Specifically, she contends that since appellee admittedly would not vacate the premises so that she would not have to pay rent for one year without living there, her actions show that she was deliberately attempting to avoid the agreement and thus is guilty of unclean hands.

We know of no case, nor does appellant refer us to one, which provides that a party is guilty of unclean hands by refusing to perform the condition precedent to operation of a contractual obligation if the party is not under a legal obligation to perform the condition precedent. Nothing in the contract at issue provides that appellee had to vacate the residence if the parties fought. Appellant drafted this con-

tract, and it makes no provision for the circumstances presented herein.

This is case where joint owners no longer want to live together but have not been able to agree to an amicable resolution to the problem. This is the precise situation partition is designed to address. We cannot agree that appellee should be forced to leave and continue to pay rent at a residence where she does not reside for one year. Nothing in the agreement requires this result.

Partition not only is the only equitable remedy to the situation, it is appellant who has acted unfairly. There was no reason for appellant not to agree at the onset to mitigate her damages by finding a roommate to assume appellee's obligations. Appellee was willing to move and allow appellant to keep the home if appellant agreed to find a roommate and not enforce the agreement regarding double rent. Appellee offered to help find someone.

We find the case relied upon by appellant, *McKnight v. McKnight*, 345 Pa.Super. 550, 498 A.2d 961 (1985), where we remanded for consideration of the defense of unclean hands, distinguishable. There, the defendant in the partition action alleged that during the parties' divorce proceeding, they had entered an agreement whereby he was to keep the property which the plaintiff sought to have partitioned and that in exchange, the plaintiff was allowed to keep other property. Thus, there clearly would have been an unfair, unjust enrichment to the plaintiff if the defense of unclean hands had not been allowed.

Appellant also alleges that the trial court erred in concluding that the parties are unable to agree regarding the disposition of the property. Appellant argues that the agreement applies, appellee was the party who expressed a desire to leave, appellee contacted a lawyer for advice as to how to avoid the agreement, and appellee should be forced to abide by its terms. Thus, she is asking that we force appellee to vacate the home, continue to pay rent there for one year, and

abide by whatever financial arrangements appellant demands regarding payment for appellee's interest in the property.

Again, appellant ignores the language of the contract which she drafted. Nothing in the contract *requires* either party to vacate. All obligations are triggered *after* one party vacates. This has not occurred. People are entitled to seek legal advice regarding the meaning of a contract and to tailor their actions to avoid triggering a financial obligation.

There is no reason to force either party to continue to live with the other indefinitely. Similarly, there is no reason to force one party as opposed to the other to vacate. In fact, since appellant refused to mitigate her damages, we would be more inclined to order her to vacate and continue to pay rent at the home.[1]

Appellant's final claim is that the trial court erred in appointing a master without following the requirements of Pa.R.C.P. 1558, which provides:

### RULE 1558. PRELIMINARY CONFERENCE. APPOINTMENT OF MASTER

(a) The court, after the entry of the order directing partition, shall direct the parties or their attorneys to appear for a preliminary conference to consider

(1) whether the parties can agree upon a plan of partition or sale;

(2) the simplification of the issues;

(3) whether any issues or matters relating to the carrying out of the order of partition shall be referred to a master; and

(4) such other matters as may aid in the disposition of the action.

(b) The court, at any time after the preliminary conference, may appoint a master to hear the entire matter or to

---

1. Appellant also repeatedly refers to the fact that appellee has more financial resources than she does. We do not understand how this fact is relevant to any of the issues presented herein.

conduct any sale, or to act upon only specified issues or matters relating to the carrying out of the order of partition.

We agree with the trial court's conclusion that it satisfied these requirements at the trial itself. Prior to taking testimony, the trial court asked if the matter could be "settled or resolved." Reproduced record at 22a. The parties indicated that it could not. *Id.* Furthermore, both parties stated that they cannot agree upon a buy-out arrangement. Thus, the appointment of a master to conduct the sale and split the proceeds was inevitable. We do not intend to remand and require the trial court to engage its limited resources in a wasteful proceeding where the evidence on the issue previously was presented.

Order of partition affirmed.