2017 PA Super 386

| FRANCES A. RUSSO | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROSEMARIE POLIDORO AND CAROL | : | |
| TRAMA, | : | |
| | : | No. 134 EDA 2017 |
| Appellant | : | |

Appeal from the Order December 5, 2016
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  No. 150703451

BEFORE:  PANELLA, J., DUBOW, J., and FITZGERALD*, J.

OPINION BY DUBOW, J.:                    **FILED DECEMBER 11, 2017**

Appellants, Rosemarie Polidoro and Carol Trama, appeal from the December 5, 2016 Order entered in the Court of Common Pleas of Philadelphia County, which granted Partition in favor of Appellee, Frances A. Russo, after finding that the Deed restriction did not bar Appellee from filing an Action in Partition.  After careful review, we reverse.

This matter arises out of a dispute between family members over title to nine properties located in Philadelphia, Pennsylvania ("the properties").[1] In two separate transactions in 1984 and 1985, Frank Russo, Sr., acquired title to the properties.  In 2007, he initiated a Quiet Title Action to invalidate a purportedly fraudulent deed, alleging that a 1991 Deed conveying the

_____

[1] The properties are located at 717, 718, 720, 722, 724 and 726 Manton Street and 725, 727 and 729 Latona Street in Philadelphia, Pennsylvania.

_____

* Former Justice specially assigned to the Superior Court.

properties to his son and two other individuals was invalid because his son had forged the signature. All parties entered into a Settlement Agreement prior to trial to invalidate the 1991 Deed and convey the properties from Frank Russo, Sr., to his three daughters, Appellants and Appellee, as tenants in common, each with a one-third interest.

On September 14, 2009, the court entered an Order, which confirmed the Settlement Agreement and ordered Frank Russo, Sr., to prepare and record a new Deed transferring the Properties from himself to Appellants and Appellee as tenants in common, subject to the restriction that:

> No disposition of the properties or any action concerning the properties may be taken without the express written agreement of at least two of the deed holders; and further, that all expenses of the properties are to be borne equally by the three deed holders.

Order, dated 9/14/09 ("the restriction"). Consequently, Frank Russo, Sr., conveyed title to the properties to Appellants and Appellee as tenants in common by Deed dated October 15, 2009, and recorded October 19, 2009. The Deed expressly incorporated the September 14, 2009 Order and the Order was attached to the recorded Deed. As required by the Order, the Deed contains the restriction.

In July 2015, Appellee filed a Complaint in Equity initiating a Partition Action against Appellants, her sisters. Appellants filed Preliminary Objections in the form of a demurrer, arguing that the language of the restriction precludes an Action in Partition. The trial court overruled the

Preliminary Objections.  Appellants then filed an Answer with a New Matter, raising the same argument.

On October 5, 2016, the trial court ordered the parties to submit memoranda of law solely on the issue of whether the restriction deprived the parties of the equitable relief of Partition, and subsequently held oral argument on the issue.

On December 5, 2016, after hearing oral argument and considering the memoranda, the court entered an Order directing Partition of the properties.  Appellants timely appealed.[2]

Appellants raise the following four issues on appeal:

1) Whether the trial court erred in holding that the trial court's Order of September 14, 2009, which provided that "no disposition of the properties or any action concerning the properties may be taken without the express written agreement of at least two of the deed holders . . ." did not preclude [Appellee] from bringing an [A]ction for [P]artition of those properties?

2) Whether the restriction contained in the Deed by which the parties obtained title, which included both the language of the September 14, 2009 Order and the Order itself, precludes Plaintiff's [A]ction in [P]artition?

3) Whether [Appellee]'s [A]ction for [P]artition is barred by the doctrine of collateral estoppel, as the same issue, the ownership of the properties, was established in the earlier quiet title action and the parties here were in privity to the

---

[2] The trial court did not order Appellants to file a Pa.R.A.P. 1925(b) Statement.  On March 7, 2017, the trial court issued an Opinion pursuant to Pa.R.A.P. 1925(a).

parties in that action, which was resolved in the September 19, 2009 Order?

4) Whether [Appellee] waived any right to seek partition by accepting title to the properties subject to the restriction against disposition and further action contained in the deed?

Appellants' Brief at 5 (some capitalization omitted).

When reviewing a trial court's decision to grant a petition to partition, this Court is limited to whether the court's findings of fact are supported by competent evidence, whether the court committed an error of law, or whether the court abused its discretion. *In re Kasych*, 614 A.2d 324, 326 (Pa. Super. 1992); *Hercules v. Jones*, 609 A.2d 837, 839 (Pa. Super. 1992). Instantly, Appellants specifically challenge the trial court's interpretation of the Deed restriction. A trial court's construction of a deed is a question of law, which compels *de novo* review. *Murphy v. Karnek*, 160 A.3d 850, 859 (Pa. Super. 2017).

When interpreting deeds, this Court's primary objective must be to ascertain and effectuate the intent of the parties. *Id.* at 858. When the language of the deed is free from ambiguity, "the intent of the parties must be determined from the language of the deed." *Hercules, supra* at 841 (citation omitted). Conversely, when the language is ambiguous, "intent is determined by the situation and conduct of the parties, surrounding circumstances, the object they had in view and the nature of the subject matter." *Id.* (citation omitted). Further, if the language in a deed is ambiguous, "then all of the attending circumstances existing *at the time of*

*the execution of the instrument* should be considered to aid in determining the apparent object of the parties." ***Starling v. Lake Meade Prop. Ownders Ass'n, Inc.***, 162 A.3d 327, 341 (Pa. 2017) (citation omitted; emphasis in original).

We recognize that "the right to partition is an incident of a tenancy in common, and an absolute right." ***Bernstein v. Sherman***, 902 A.2d 1276, 1278 (Pa. Super. 2006) (citation and quotation omitted). "The purpose of partition is to afford those individuals who no longer wish to be owners the opportunity to divest themselves for a fair compensation." ***Kasych***, ***supra*** at 326 (citation and quotation omitted). While owners of property generally have an absolute right to partition, parties are free to restrict that right. ***Id.*** Moreover, "partition is a possessory action; its purpose and effect being to give to each of a number of joint owners the possession to which he is entitled ... of his share in severalty. It is an adversary action and its proceedings are compulsory." ***Bernstein, supra*** at 1278 (citation and quotation omitted). "[T]he purpose of the action of partition is to divide property, not to sell it. A sale may become an incident, but is not the objective point of it." ***Seiders v. Giles***, 21 A. 514 (Pa. 1891).

In their first two issues on appeal, Appellants aver that the restriction contained in the September 14, 2016 Order, and subsequently in the Deed conveying title of the properties to the parties, precludes Appellee from bringing an Action in Partition and, therefore, the trial court erred when it granted Partition. Appellants' Brief at 5. Appellants assert that because two

of the Deed holders are not in agreement with Partition, the restriction in the Deed precludes the remedy of Partition. *Id.*

Finally, Appellants argue that the intent of the parties was to create a further restriction of the rights of the owners, beyond their rights as tenants in common. *Id.* at 13. Appellants claim that the second clause of the restriction, which requires that all expenses of the properties "are to be borne equally by the three deed holders," shows an intent contrary to the effect of an action for partition. *Id.* Appellants explain that if the properties are partitioned, the properties are distributed among the owners, with each owner only responsible for expenses attributable to their individual properties. *Id.* They contend that such attribution runs counter to the restriction. *Id.*

Appellee avers that the purpose of the restriction was to prevent the sale of the properties or the conveyance of an interest to a third party unless two or more deed holders agreed. Appellee's Brief at 4 (unpaginated). Appellee further avers that the restriction does not preclude an Action for Partition, which is a possessory action rather than a conveyance. *Id.* at 3, 6.

We must look to the plain language of the deed to determine the intent of the parties. *See Murphy, supra* at 858; *Hercules, supra* at 841. As stated above, the deed restriction provides:

> No disposition of the properties or any action concerning the properties may be taken without the express written agreement of at least two of the deed holders; and further,

that all expenses of the properties are to be borne equally by the three deed holders.

Deed, recorded 10/18/2009.

Appellants concede that "disposition of the properties" denotes a transfer or sale of the properties. Appellants' Brief at 12-13. An Action in Partition, however, involves the division of the property but not necessarily a transfer or sale of the property. **See Seiders, supra**. As such, we conclude that the language prohibiting "disposition of the properties" does not preclude an Action in Partition. However, our analysis does not stop here.

The restriction also prohibits "any action concerning the properties . . . without the express written agreement of at least two of the deed holders." While this language may be broad, it is not ambiguous. Certainly, filing an Action in Partition to divide the properties constitutes "action concerning the properties." Additionally, we agree with Appellants that the second clause of the restriction, which compels the owners to share the expenses of all of the properties, demonstrates the parties' intent to preclude division of the properties, and consequently division of the expenses, without the consent of at least two of the owners. Therefore, without the express written consent of two of the deed holders, the restrictive language in the deed that prohibits "any action concerning the properties" precludes Appellee from taking the action of filing an Action in Partition and subsequently dividing the properties.

In conclusion, the restriction in the Deed precludes Appellee from filing an Action in Partition without the express written consent of two of the deed holders. Accordingly, the trial court erred when it granted Partition in favor of Appellee and, thus, we reverse the Order granting Partition. As the first two issues are dispositive of the outcome, we decline to address Appellants' remaining issues.

Order reversed.

Judge Panella joins the opinion.

Justice Fitzgerald concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/11/2017