J-A23043-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MARK J. ROTH AND MICHELLE A. ROTH, HUSBAND AND WIFE, | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : : : : | |
| v. | : : : : | |
| RICHARD B. MARSHALL, BRYCE C. MARSHALL AND RICHARD B. MARSHALL, II | : : : : | No. 563 WDA 2019 |

Appeal from the Judgment Entered April 3, 2019
in the Court of Common Pleas of Blair County
Civil Division at No(s):  2017 GN 3490

BEFORE:  BENDER, P.J.E., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:          **FILED NOVEMBER 21, 2019**

Mark J. Roth and Michelle A. Roth, husband and wife (collectively, "the Roths"), appeal from the judgment entered against them and in favor of Richard B. Marshall, Bryce C. Marshall and Richard B. Marshall, II (collectively, the Marshalls").  We affirm.

The trial court set forth the facts underlying the instant appeal in its April 3, 2019, Opinion, which we adopt for the purpose of this appeal.  ***See*** Trial Court Opinion, 4/3/19, at 3-26.

On December 15, 2017, the Roths filed a Complaint for Injunctive Relief, alleging that the Marshalls had interfered with the flow of water, which ran through a pipe, onto the Roths' property.  The Marshalls filed an Answer, New Matter and Counterclaim.  Following a non-jury trial, the trial court found in

favor of the Marshalls and against the Roths. The Roths filed Post-Trial Motions, which the trial court denied. After the entry of Judgment, the Roths filed the instant timely appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

The Roths present the following claims for our review:

I.     Whether the [trial] court erred by failing to enforce [the Roths'] water rights under the deed of November 16, 1927, which prohibited the grantors, their successors and assigns, from diverting the stream of water flowing to the lands conveyed under the deed?

II.    Whether the [trial] court erred by failing to find that [the Roths] were entitled to an injunction as a matter of law, as the enforcement of a restrictive covenant cannot be compensated by monetary damages[,] and the [Roths] had otherwise satisfied the requirements for injunctive relief?

*See* Brief for Appellant at 4.

We keep in mind the applicable standard of review:

In equity matters, appellate review is based on a determination by the appellate court of such questions as whether (1) sufficient evidence supports the findings of the judge; (2) the factual inferences and legal conclusions based on those findings are correct; and (3) there has been an abuse of discretion or an error of law. Generally, in an appeal from a trial court sitting in equity, the standard of review is rigorous. The function of this Court on an appeal from an adjudication in equity is not to substitute its view for that of the lower tribunal; our task is rather to determine whether a judicial mind, on due consideration of all of the evidence, as a whole, could reasonably have reached the conclusion of that tribunal.

*Omicron Sys., Inc. v. Weiner*, 860 A.2d 554, 557-58 (Pa. Super. 2004) (citation and internal quotation marks omitted). Moreover, we are "bound by the trial court's determination concerning the credibility of witnesses and

weight to be accorded the evidence." ***Marchetti v. Karpowick***, 667 A.2d 724, 726 (Pa. Super. 1995) (citation omitted).

"[W]hen reviewing the grant or denial of a final or permanent injunction, an appellate court's review is limited to determining whether the trial court committed an error of law." ***Buffalo Twp. v. Jones***, 813 A.2d 659, 663-64 (Pa. 2002).

> Ultimately, the grant or denial of a permanent injunction will turn on whether the trial court properly found that the party seeking the injunction established a clear right to relief as a matter of law. Accordingly, … appellate review in these cases is whether the lower court committed an error of law in granting or denying the permanent injunction. Our standard of review for a question of law is *de novo*. Our scope of review is plenary.

***Id.*** at 664 n.4 (citations omitted).

The Roths first claim that the trial court erred by failing to enforce their water rights, as described under a November 16, 1927, deed ("the 1927 Deed"). Brief for Appellant at 12. The Roths assert that the 1927 Deed prohibited the grantors, their successors and assigns from diverting a stream of water flowing to the lands conveyed under the deed, including the property that is now theirs. ***Id.*** The Roths argue that the lack of the covenant in their own deed does not defeat their rights, as their rights were previously recorded in the chain of title. ***Id.*** at 12-14. The Roths further contend that the lack of a metes and bounds discription does not defeat their claim, as the Marshalls have never disputed the location of the stream. ***Id.*** at 14. In addition, the Roths take issue with the trial court's differentiation between the natural flow

of the stream, and the "manmade" portions, as the 1927 Deed made no such differentiation. *Id.* at 15. The Roths also dispute the trial court's conclusion that they merely have a license to the water from the stream. *Id.* at 16.

In its Opinion filed on October 29, 2018, the trial court determined that the 1927 Deed reserved for the *grantors*, not the grantees, the perpetual use of the water. *See* Trial Court Opinion, 10/29/18, at 21-23. The trial court further concluded that, "[b]ecause no document of record in [the Roths'] chain of title grants them any right to divert water from [the Marshalls'] property to their own for personal uses, their claim is barred by the affirmative defense of [the] Statute of Frauds, 33 P.S. § 1 …." *Id.* at 23.

In its Amended Opinion filed on April 3, 2019, the trial court additionally analyzed the language set forth in the 1927 Deed, and the evidence presented by the parties. *See* Trial Court Opinion, 4/3/19, at 26-30. Based upon this analysis, the trial court ultimately concluded that the Roths were not entitled to injunctive relief, as they "have not met their burden of establishing that they are entitled to claim any rights in the water flowing through [the Marshalls'] property and, as a result, their request for injunctive relief must be denied." *See id.* at 36. We agree with the sound reasoning of the trial court, as set forth in its October 29, 2018, and April 3, 2019 Opinions, and affirm on this basis with regard to the Roths' first claim. *See* Trial Court Opinion, 10/29/18, at 21-23; Trial Court Opinion, 4/3/19, at 26-36.

The Roths next claim that the trial court improperly failed to enforce the restrictive covenant contained in the 1927 Deed and denied them injunctive relief. Brief for Appellant at 17. The Roths assert that the Marshalls' act of terminating the flow of water to their property constituted a violation of the restrictive covenant. *Id.* However, as we agree with the trial court's determination that there was no violation of the restrictive covenant, the Roths are not entitled to relief on this claim.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/21/2019