J-A27003-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| AGNES XIE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| XIAOMING XIE | : | |
| | : | No. 1784 EDA 2024 |
| Appellant | : | |

Appeal from the Judgment Entered September 23, 2024
In the Court of Common Pleas of Monroe County
Civil Division at No(s): 004957-CV-2015

BEFORE: BOWES, J., MURRAY, J., and BECK, J.

MEMORANDUM BY BOWES, J.: **FILED JANUARY 2, 2026**

Xiaoming Xie ("Defendant") appeals from the judgment entered in this partition action initiated by his sister, Agnes Xie ("Plaintiff"). We affirm.

The trial court supplied the following background information about this case, during which both parties have proceeded *pro se*:

> Plaintiff . . . and [Defendant] are the owners of real property located at 808 Brushy Mountain Road, East Stroudsburg, Pennsylvania, also known as Manor Home Site #18 Phase 6 of Blue Mountain Lake. Plaintiff's claims regarding that property were consolidated herein to a partition action for a hearing. By prior order, the court determined the property was subject to partition, that it could not be divided equally between the parties, and that a hearing was necessary. . . . A hearing was held on February 7, 2024. Plaintiff was present and provided evidence and testimony. Defendant was not present despite notice of the hearing sent to his last address supplied of record.

Trial Court Opinion, 3/8/24, at 1 (cleaned up). The court issued findings of fact, calculated the parties' respective equity and credits, and specified in a decree *nisi* how partition would proceed depending on whether either party

desired to buy the other out or if it was to be sold at a public sale. *Id*. at 13-25.

Myriad fillings by Defendant followed, including reconsideration requests and appendices consisting of financial records and other documents that he presumably would have presented at trial if he had appeared. Ultimately, on June 24, 2024, the court made the decree *nisi* a final order and directed Plaintiff to have a deed prepared in light of her desire to acquire full interest in the property. This timely appeal followed. The trial court ordered Defendant to file a Pa.R.A.P. 1925(b) statement, to which he timely responded.

Defendant presents the following questions for our consideration:

A. Whether the trial court lacked jurisdiction due to the [Plaintiff]'s extinguished standing following the 2017 deed transfer, procedural defects in her 2018–2019 reacquisition, expiration of the statute of limitations under 42 Pa.C.S. § 5525(a), and lack of proper service in violation of Pa.R.C.P. 1018.1?

B. Whether the trial court violated due process by conducting *ex parte* proceedings, refusing to reschedule [Defendant]'s missed hearing, failing to correct procedural defects, and proceeding without fair discovery or evidence submission, in violation of **Mullane v. Cent. Hanover Bank & Tr. Co.**, 339 U.S. 306 (1950)[,] and **Mathews v. Eldridge**, 424 U.S. 319 (1976)?

C. Whether the trial court committed judicial errors by demonstrating bias, misapplying evidentiary standards, imposing unjust financial burdens, and relying on unreliable testimony from a witness with Dissociative Identity Disorder (DID), violating due process and evidentiary requirements under **Caperton v. A.T. Massey Coal Co.**, 556 U.S. 868 (2009)[,] and **Commonwealth v. Goldblum**, 447 A.2d 234 (Pa. 1982)?

- 2 -

D.     Whether the trial court's judgment was procured through fraud upon the court, where the [Plaintiff] misrepresented property access, concealed rental income, fabricated reimbursement claims, and manipulated financial records, thereby invalidating the judgment under ***Hazel-Atlas Glass Co. v. Hartford-Empire Co.***, 322 U.S. 238 (1944)?

Defendant's brief at 4-6.

Before addressing the issues, we observe that once Defendant filed this appeal, Plaintiff assumed the role of the prolific filer, submitting serial applications for relief and for clarification of this Court's orders addressing them. As of the time of oral argument, a renewed application to quash the appeal due to various procedural defects remained outstanding, as we deferred it to this dispositional ruling. We agree with Plaintiff that Defendant's brief is not in full compliance with the Rules of Appellate Procedure. Most striking are the inclusion of irrelevant information in the statement of the case and a deficient development of legal arguments, which largely consist of accusations that are sometimes, but not always, followed by a citation to authority, without any explanation of how the authority is apt. Nonetheless, insofar as we, like the trial court, were able to perceive his complaints, we decline to quash and instead proceed to review the substance of Defendant's appeal. ***Accord US Bank Nat'l Ass'n as Tr. of NRZ Inventory Tr. v. Gardner***, 326 A.3d 113, 119 (Pa.Super. 2024) (eschewing quashal despite non-compliance with the Rules of Appellate Procedure, opting to address the issue we were able to discern from the appellant's brief that was otherwise "inartful, rambling[,] and incoherent at times").

We begin by noting that "[w]hen reviewing a trial court's decision to grant a petition to partition, this Court is limited to whether the court's findings of fact are supported by competent evidence, whether the court committed an error of law, or whether the court abused its discretion." **Russo v. Polidoro**, 176 A.3d 326, 329 (Pa.Super. 2017).

In his first issue, Defendant complains of defects in jurisdiction and service, as well an expired statute of limitations. **See** Defendant's brief at 45-49. We discern no error of law or abuse of discretion in the trial court's opinion explaining that the failure of Plaintiff to include a notice to defend in her initial pleading did not defeat jurisdiction, as Defendant was not prejudiced because thereafter appeared before the court to defend the claims, and that the statute of limitations did not bar them. **See** Trial Court Opinion, 7/26/24, at 3-4, 6.

Defendant next raises due process violations, which the trial court ably dispels by detailing how Defendant acknowledged that he had notice of the hearing, and thus had every opportunity to be heard and present evidence. His claim that he was unable to appear because he had a relative visiting and misremembered the date did not warrant relief. **Id**. at 4-6.

Defendant's remaining issues attack the evidence Plaintiff offered at the hearing, and the court's reliance thereupon. The trial court explained in its initial findings that it determined Plaintiff and her evidence to be credible, and detailed how it supported the decree *nisi*. **See** Trial Court Opinion, 3/8/24, at 7-11. The court further explained that Defendant's "alternative facts" are

premised upon his briefs and filings with the prothonotary, not on evidence offered and admitted at trial.[1]  **See** Trial Court Opinion, 7/26/24, at 7-8.

Overall, Defendant has offered this Court no developed, persuasive argument to convince us that the trial court's decision lacked evidentiary or legal foundation, or resulted from an error of law or abuse of discretion. Therefore, we affirm the court's judgment based upon the portions of its opinions referenced above.

Judgment affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/2/2026

_____

[1] We likewise reject Defendant's similar attempt in this Court to offer additional argument and documents in his November 24, 2025 post-submission communication, docketed as an application for relief, that he filed without seeking leave of court as mandated by Pa.R.A.P. 2501(a) ("After the argument of a case has been concluded or the case has been submitted, no brief, memorandum or letter relating to the case shall be presented or submitted, either directly or indirectly, to the court or any judge thereof, except upon application or when expressly allowed at bar at the time of the argument.").