312 So.2d 671 (1975)
Daniel I. RAMSEY et al., Plaintiffs-Appellants,
v.
H. S. JOHNSON, Defendant-Appellee.
No. 12596.
Court of Appeal of Louisiana, Second Circuit.
April 30, 1975.
Rehearing Denied June 3, 1975.
Writ Refused September 8, 1975.
Holloway, Baker, Culpepper & Brunson by Bobby L. Culpepper, Jonesboro, for plaintiffs-appellants Daniel I. Ramsey, Mrs. Mary Eunice Ramsey, Rickey Coleman and Mrs. Kathy Coleman.
Emmons, Henry & Reeves by Joseph A. Reeves, Jr., Jonesboro, for defendant-appellee.
Before AYRES, PRICE and HALL, JJ.
En Banc. Rehearing Denied June 3, 1975.
HALL, Judge.
In this suit involving a right of passage pursuant to LSA-C.C. Arts. 701-703, the district court rendered judgment relocating an existing driveway providing passage across plaintiffs' property from defendant's enclosed property to a public road.
*672 Plaintiffs originally owned a six acre tract. They sold an approximately one acre tract in the southeast corner which is now owned by defendant and which does not front on a public road. Plaintiffs' remaining five acre tract is bounded on the north by a public road. Defendant's property is bounded on the north and west by plaintiffs' property. Both plaintiffs' and defendant's properties are bounded on the east by the property of another owner.
The existing driveway is located entirely on plaintiffs' property and runs generally north and south on the east side thereof, but not on the property line, leaving some unusable property between the driveway and the east property line. The driveway as relocated by the judgment of the district court runs north and south along plaintiffs' east property line, with a width of twenty feet (an additional twenty feet to be provided by the adjacent owner to the east), except that at a point forty feet north of defendant's property line the right of way turns and widens across plaintiffs' property from twenty feet to forty feet at the point where it meets defendant's property forty feet from the northeast corner thereof.
Plaintiffs appealed limiting their specification of errors to one narrow issue. They concede defendant is entitled to a gratuitous right of passage and agree that the location along plaintiffs' east boundary is appropriate. They complain only of the widening of the passage across their property over the forty foot distance immediately north of defendant's property.
The relocation of the driveway is to the manifest advantage of plaintiffs in that for the most part it is reduced in width from the existing driveway and, more importantly, the driveway will be located on the property line and will no longer bisect plaintiffs' property. The reason for widening the driveway as it enters defendant's property is so it will approach the property on which defendant's home is located from the front as does the existing driveway.
The result reached by the district court is reasonable and is in accord with LSA-C.C. Art. 703 which authorizes a change in the place of the passage in order that "it may be less inconvenient" to him who owes the servitude, provided "it afford the same facility" to the owner of the servitude.
Defendant did not appeal. An answer to the appeal was filed, but untimely, and the issues raised therein cannot be considered.
For the reasons assigned, the judgment of the district court is affirmed, at appellants' costs.
Affirmed.