448 A.2d 1108

**Eleanor M. FLAHERTY and James F. Flaherty, her son, David V. Gunther and Geraldine A. Gunther his wife,**

v.

**Clarence DeHAVEN and Shirley DeHaven, his wife, Appellants.**

Superior Court of Pennsylvania.

Submitted April 6, 1982.

Filed July 30, 1982.

414

David Angelo Martino, Bangor, for appellants.

Cal Leventhal, Honesdale, for appellees.

Before HESTER, CAVANAUGH and CIRILLO, JJ.

CIRILLO, Judge:

This is an appeal from a Final Decree of the Court of Common Pleas of the Forty-third Judicial District, Monroe County, granting a permanent injunction against the appellants, restraining them from interfering with the appellees' use of their right-of-way on the appellants' property.

On July 25, 1970, Earl L. and Eudora Hilliard conveyed certain real property to Frank (now deceased) and Eleanor M. Flaherty. The deed contained the grant of an easement in the nature of a right-of-way over and across a proposed street, forty feet in width, through the land of the Hilliards to Township Road 481. The situs of the right-of-way was not described in the deed. On June 19, 1978, Eleanor M. Flaherty, as sole surviving tenant by the entireties, conveyed this parcel to herself and her son, James F. Flaherty.

On March 3, 1973, the Hilliards conveyed certain real property to David V. and Geraldine A. Gunther, which lay adjacent to the Flaherty parcel. However, the deed did not contain a grant of an easement or right-of-way over the land of the Hilliards to Township Road 481 since the Gunthers had direct access to this road. The Hilliards did reserve a right-of-way over the conveyed property to be used in common with the Gunthers.

On June 12, 1971, the Hilliards conveyed certain property to Penn Hamilton Associates, Inc. In this deed the Hilliards reserved a right-of-way over the conveyed property for themselves, their heirs and assigns. On March 25, 1974, Penn Hamilton conveyed this parcel to Clarence and Shirley DeHaven. In this deed a right-of-way was reserved for the Hilliards.

In July 1970 a certain roadway which traversed and looped through the Hilliard property was in existence. The roadway is now in the Gunther and DeHaven properties where it provides access to Township Road 481. This roadway was originally a farmer's lane but was improved by Earl L. Hilliard prior to the sale of the various parcels.

In June 1979 the parties in this action agreed to construct and thereafter did construct a roadway on the western boundary of the DeHaven property. Subsequently, in November 1979, the DeHavens blocked the looped roadway so that it could no longer be used.

The appellees, Eleanor M. Flaherty and her son James F. Flaherty, and David V. and Geraldine A. Gunther, filed a complaint in equity on January 16, 1980 to enjoin the appellants, Clarence and Shirley DeHaven, from blocking the looped roadway. The complaint alleged that the actions of the DeHavens caused immediate and irreparable harm to the appellees. The DeHavens filed an answer and new matter denying the allegations and claiming the appellees had a right-of-way along the western boundary of their property. The appellees did not respond to this new matter. On August 19, 1980, after argument, the Honorable James R. Marsh issued a Decree Nisi, entering a permanent injunction against the DeHavens, prohibiting them from blocking the looped roadway on their property. Exceptions were filed and on August 24, 1981 they were dismissed and a Final Decree was issued. This appeal now follows.

The appellants contend, on appeal, that the lower court erred in finding that the right-of-way loops through their property rather than following the western boundary.

The Flahertys clearly possess an expressed easement over the land now belonging to the Gunthers and the DeHavens pursuant to the deed from the Hilliards.[1] However, there is no mention in the deed of the situs of the easement.

■ The primary objective of this Court in construing the terms of a deed is to ascertain and effectuate the intention of the parties. *Nevling v. Natoli*, 290 Pa.Super. 174, 434 A.2d 187 (1981). In a case such as this, where the deed is not clear and the intention of the parties cannot be construed from the instrument itself, the parties' intentions are to be ascertained from the language of the entire instrument, from a consideration of the subject matter and from conditions existing when it was executed, together with surrounding circumstances. *In re Conveyance of Land Belonging to the City of DuBois*, 461 Pa. 161, 335 A.2d 352 (1975).

■ Testimony by Earl L. Hilliard, the common grantor, revealed that the looped road was intended to provide the most accessible route to the Flaherty property. Mr. Hilliard also testified that he grated and enlarged this roadway prior to the sale of the parcels. This evidence is sufficient to show that the looped roadway was intended to be the situs of the right-of-way expressly provided for the Flahertys in the deed.

■ Additionally, the Flahertys had used this looped roadway on a daily basis from the time they erected their dwellings in 1970 until the DeHavens prevented access in November 1979. When the precise location of an expressed right-of-way is not fixed or defined by the deed, it is competent for the parties to define a location by subsequent agreement, use or acquiescence. *Taylor v. Heffner*, 359 Pa.

1. The express easement appears in the deed as follows:
"There is also granted to said Frank Flaherty and Eleanor M. Flaherty, his wife, the grantees herein, their heirs and assigns, a right of way over and across a proposed street forty feet in width leading from the above described lot, through other lands of Earl L. Hilliard and Eudora Hilliard, his wife, the grantors herein, their heirs and assigns, with said Frank Flaherty and Eleanor Flaherty, his wife, the grantees herein, their heirs and assigns."

157, 58 A.2d 450 (1948); *see also, Baker v. Zingelman,* 259 Pa.Super. 441, 393 A.2d 908 (1978). The use of this looped roadway by the Flahertys for over nine years is sufficient to define the location of the right-of-way in this matter.

Further, testimony supports the finding that both the Flahertys and the Gunthers owned their properties prior to the time that the DeHavens owned theirs, and that at the time they acquired their property, the DeHavens were on actual notice that the appellees used the looped roadway.

For all of the above reasons, we find that the evidence was sufficient to support the finding of the lower court that the Flahertys' right-of-way, expressly provided for in the deed, was the looped roadway through the DeHavens' property.

The appellants' next contend that the failure of the appellees to respond to their new matter constitutes an admission by the appellees that the situs of the right-of-way is along the western boundary of the DeHaven property.

Under Rule 1029 of the Pennsylvania Rules of Civil Procedure, averments of fact are admitted when not specifically denied.[2] Pleadings which contain conclusions of law are not admissions of fact in issue. *Srednick v. Sylak,* 343 Pa. 486, 23 A.2d 333 (1942). The DeHavens were asserting in their new matter, an easement in contradiction to that raised by the appellees in their complaint. The situs of the right-of-way, in this instance, is thus a legal conclusion rather than an averment of fact. Consequently, Rule 1026 of the Pennsylvania Rules of Civil Procedure, which states

2. Pa.R.C.P. No. 1029 provides as follows:

(a) A responsive pleading shall admit or deny the averments of fact in the preceding pleading or part thereof to which it is responsive. Admissions and denials in a responsive pleading shall refer specifically to the paragraph in which the averment admitted or denied is set forth.

(b) Averments in a pleading to which a responsive pleading is required are admitted when not denied specifically or by necessary implication. A general denial of a demand for proof, except as provided by subdivision (c) of this rule, shall have the effect of an admission.

Adopted, June 25, 1946.

that no pleading need be filed unless the preceding pleading is endorsed with a notice to plead, is controlling.[3] The new matter filed by the DeHavens was not endorsed with a notice to plead, therefore, the appellees were under no duty to reply. *Lewandowski v. Crawford*, 208 Pa.Super. 365, 222 A.2d 601 (1966); *see also, UEC, Inc. v. Board of Arbitration of Claims*, 12 Pa.Comwlth. 54, 314 A.2d 521 (1974).

The appellants also contend that the lower court erred in finding an easement by implication with respect to the Gunthers without a finding of necessity.

■ Generally, an easement by implication arises only where such an easement was intended by the parties, as shown by the terms of the grant and surrounding circumstances. *Nord v. Devault Contracting Company, Inc.*, 460 Pa. 647, 334 A.2d 276 (1975).

In the case of *Thomas v. Deliere*, 241 Pa.Super. 1, 359 A.2d 398 (1976), this Court held that no single factor is dispositive and no purely mathematical weighing of factors is possible in determining whether an easement should be implied. The Court went on to say that in the greater number of cases, it is the necessity of the use of the land to the claimant that contributes most to the implication of an easement. However, as the degree of necessity decreases, the need to refer to other factors suggestive of an intent to create an easement increases substantially.[4] 241 Pa.Super. at 5, 359 A.2d at 400.

**3.** Pa.R.C.P. No. 1026 provides as follows:

Every pleading subsequent to the complaint shall be filed within twenty (20) days after service of the preceding pleading, but no pleading need be filed unless the preceding pleading contains a notice to defend or is endorsed with a notice to plead.

As amended, May 15, 1979.

**4.** In determining whether the circumstances under which a conveyance of land is made create an implied easement, Section 476 of the Restatement of the Law of Property, A.L.I. Volume 5, suggests that the following factors are important:

(a) whether the claimant is the conveyor or the conveyee,
(b) the terms of the conveyance,
(c) the consideration given for it,
(d) whether the claim is made against a simultaneous conveyee,

■ In the instant case, the inability to use the looped roadway inconveniences the Gunthers in the use of their land, even though they do have direct access to the township road. In addition, Mr. Hilliard testified that it was his intention that all people benefit from the looped roadway which he had improved to provide the most convenient route up the precipitous slope of the property. Also, from the time the Gunthers bought their property in March 1973 until the DeHavens blocked the right-of-way in November 1979, the Gunthers, along with the Flahertys, continually used the looped roadway. Thus, it is obvious that the DeHavens had knowledge of the roadway's prior use before they barricaded the right-of-way.

The evidence is adequate to show that it was the intent of the parties to the original conveyance that the looped right-of-way provide an alternate access route to the Gunther property. Likewise, the steep terrain of the land is ample reason why the looped roadway is important to all the parties. Testimony indicates that vehicles "bottom out" when attempting to use the roadway on the western boundary of the appellants' land. We find, therefore, that even though the actual necessity for the looped roadway was not great, all other factors were sufficient to imply the existence of an easement with regard to this roadway in favor of the Gunthers.

■ Finally, it is our view that the construction of the roadway on the western boundary of the DeHaven property was intended only as an accommodation to the appellants. There is no evidence of an agreement or understanding between the parties that the new roadway would replace the looped roadway as the easement in this matter. Rather, as the lower court found, testimony indicates that the new

(e) the extent of necessity of the easement to the claimant,
(f) whether reciprocal benefits result to the conveyor and the conveyee,
(g) the manner in which the land was used prior to its conveyance, and
(h) the extent to which the manner of prior use was or might have been known to the parties.

roadway was built merely as an alternate route through the land.

Accordingly, we affirm the final decree of the court below.