601 A.2d 1250

Michael A. PALMER and Edith E. Palmer, his wife

v.

John SOLOE and Barbara Soloe, his wife, Appellants.

Superior Court of Pennsylvania.

Argued Sept. 19, 1991.

Filed Jan. 21, 1992.

Christopher T. Spadoni, Asst. Public Defender, Bethlehem, for appellants.

Alfred S. Pierce, Nazareth, for appellees.

Before JOHNSON, FORD ELLIOTT and HESTER, JJ.

HESTER, Judge:

The issue presented in this appeal is whether a property owner may unilaterally change the location of a prescriptive easement located on his property. We agree with the trial

court that the possessor of land subject to the easement may not change the easement location when the change materially interferes with the easement holders' use of their easement; we therefore affirm.

The majority of the facts relevant to a determination of this appeal are not contested. The parties stipulated that an easement by prescription consisting of a gravel roadway ranging in width from fifteen to twenty feet exists on property owned by appellants, John and Barbara Soloe. Appellees, Michael A. and Edith E. Palmer, use the easement as access to their farm from Route 611 in Lower Mount Bethel Township, Northampton County. The farm is located northwest of appellants' property, and the easement is used by heavy farm equipment.

The easement originally was located approximately fifteen feet from appellants' corner pin, then it curved west and proceeded along the common boundary between the parties' properties, and ended on property owned by individuals who are not parties to this action. The original configuration provided access to and from Route 611 by the use of a "Y" intersection. Between May and June, 1988, appellants admittedly relocated the easement on their property by moving and reconstructing the gravel road a distance of approximately twenty feet to the north. They also filled in the pre-existing gravel road with dirt and then planted grass and shrubs over it. This action was taken because appellants were experiencing problems with water run off from the road.

The trial court made the following relevant factual findings. First, vehicles exiting onto Route 611 and turning north "were afforded a better view of traffic" where the easement was located originally. Trial court opinion, 12/14/90, at 2. The trial court also concluded that while the new easement can be negotiated by large farm equipment, it is more difficult to negotiate than the old easement as a result of a "sharper turn" to the west. *Id.* at 3. Finally, the trial court found that none of the witnesses,

who included appellees and other easement holders, consented to the relocation. *Id.* at 5.

Appellees instituted this action seeking the return of the easement to its original location. Appellants brought a counter claim for damages caused when appellees drove farm equipment over grass and shrubbery that was planted on the old easement. A hearing was held on August 15, 1990, and the trial court subsequently entered an order granting appellees their requested relief and denying appellants an award on their counter claim. This appeal followed the final decree entered following denial of appellants' exceptions to the decree nisi.

Initially, we discuss our standard of reviewing the decision of the equity court.

> [O]n appeal we are bound by the chancellor's findings of fact, particularly if approved by the court en banc, to the same extent as we would be bound by the factual determinations of a jury. The test in either case is whether the findings are adequately supported by the record. The chancellor's findings are entitled to particular weight in a case in which the credibility of the witnesses must be carefully evaluated, because he has had the opportunity to hear them and to observe their demeanor on the stand. *Charles v. Henry,* 460 Pa. 673, 334 A.2d 289 (1975).

*Stauffer v. Stauffer,* 465 Pa. 558, 567, 351 A.2d 236, 240 (1976); *accord Weir v. Estate of Ciao,* 521 Pa. 491, 556 A.2d 819 (1989) (at bench trial, it is the trial court's duty to judge credibility and weigh testimony and its findings will not be disturbed absent error of law or abuse of discretion); *Fuisz v. Fuisz,* 386 Pa.Super. 591, 563 A.2d 540 (1989) (appellate courts are constrained by a narrow standard of review in equity matters and are bound by the trial court's determination pertaining to the credibility of the witnesses and the weight to be accorded the evidence). Thus, appellate review in these matters is limited to a determination of whether there was an error of law, and the trial court's conclusions will not be disturbed unless they are not sup-

ported by the evidence. *Hostetter v. Hoover*, 378 Pa.Super. 1, 547 A.2d 1247 (1988).

Two of the trial court's crucial factual findings are supported by the evidence introduced at the hearing and will not be disturbed. Those are that the new location of the easement renders access more difficult and dangerous and that none of the easement holders who testified at trial consented to relocation of the easement.[1] We only need determine, then, if the trial court made an error of law in concluding that appellants did not have the right to unilaterally change the location of the easement to the detriment of the easement holders.[2]

An easement, once acquired, may not be restricted unreasonably by the possessor of the land subject to the easement. In *Taylor v. Heffner*, 359 Pa. 157, 164, 58 A.2d 450, 454 (1948), the Supreme Court held that while the property owner has the right to use the easement, it is clear that those rights extend only to using the easement in a manner that is consistent with the rights of the easement holder, and the property owner may not take actions that "completely deny" use of the easement. Thus, the law provides that the possessor of the land subject to the easement may not interfere unreasonably with the easement holder's use of the easement. *See Restatement of*

1. Appellants suggest that since they testified that everyone consented to the relocation and no one else specifically testified that they did not consent, the trial court was required to conclude that everyone consented to the relocation of the easement. However, the factfinder is permitted to reject a witness's testimony in its entirety, and it is obvious that the trial court did not believe appellants' testimony that they had unanimous consent to move the easement. Furthermore, the fact that appellees immediately instituted this action seeking return of the easement's location supports the trial court's finding that they did not consent to the relocation.

2. Appellants allege that the trial court erred in determining that the new easement extends onto land not owned by appellants. They argue that the survey introduced at the hearing conclusively establishes that the new easement is wholly on their land. We will assume that appellants are correct; however, this has no affect on the result in this case. As explained above, *supra*, appellants were not entitled to change the easement as they did, regardless of whether the easement remained totally on their property.

*Property* § 481 (the possessor of land subject to a prescriptive easement may only make such use of the easement as is "not incompatible" with the use authorized by the easement, and the possessor of the land may not "interfere" with the use of the easement).

What constitutes unreasonable interference on the part of the possessor of the land subject to the easement will depend upon consideration of the advantage to him of his desired use of the easement and the disadvantage to the owner of the easement. *Restatement of Torts* § 481, comment a; *see also Flaherty v. DeHaven*, 302 Pa.Super. 412, 448 A.2d 1108 (1982), where we held that the location of a right-of-way that is not expressly set forth in a deed may be fixed by subsequent use and acquiescence and that the right-of-way so fixed may not be blocked even when there is another access over the land subject to the right-of-way. This holding was premised on the fact that the alternate access was not as safe as the one that had been used by the holders of the right-of-way.

In the present case, appellants, possessors of the land subject to the easement, completely denied appellees access over the easement. While they tried to make accommodation by opening another right-of-way, it is clear that the relocation nonetheless interfered materially with appellees' use of their easement. The interference is established by the fact that access to Route 611 is more dangerous at the relocated easement since the view of the road is restricted. In addition, appellees cannot negotiate their heavy farm equipment over the turn of the relocated easement as easily since the "Y" formation is missing. Finally, while we sympathize that appellants have a water run-off problem, the record does not establish that relocation of the easement was the only solution. Other alternatives may have been available that would not have interfered totally with appellees' use of their easement.

Accordingly, the order of the trial court is affirmed.