687 A.2d 839

**Carl SODERBERG and Sharon R. Soderberg, h/w**

**v.**

**Lester L. WEISEL and Agnus M. Weisel, h/w, Appellants.**

Superior Court of Pennsylvania.

Argued Oct. 21, 1996.

Filed Jan. 7, 1997.

Stephen A. Shelly, Lansdale, for appellants.

Tamara C. Gureghian and Greg B. Emmons, Doylestown, for appellees.

Before CIRILLO, President Judge Emeritus, and SAYLOR and HOFFMAN, JJ.

## OPINION

CIRILLO, President Judge Emeritus:

This is an appeal from a final decree entered in the Court of Common Pleas of Bucks County. We affirm in part and reverse in part.

The majority of the facts relevant to a determination of this appeal are not contested. The parties agree that an easement by prescription exists consisting of an access lane on property owned by Carl and Sharon Soderberg ("The Soderbergs").[1] Appellants, Lester L. Weisel and Agnus M. Weisel ("The Weisels"), use the easement for ingress and egress of farm equipment to their farm from Sleepy Hollow Road in Milford Township, Bucks County. The Weisels' farm is located adjacent to the Soderbergs' residence. The easement runs east and then north from Sleepy Hollow Road, traversing first the Mancini's parcel (over which the Weisels have an express right-of-way created by deed) then through the Soderbergs' parcel, passing directly next to the Soderbergs' home. Because large farm equipment was operated so close to their home and because they had young children, the Soderbergs became concerned that an accident might occur. Consequently, the Soderbergs proposed a relocation of the easement to the north of their home so as to reduce the risk of an accident. The Weisels rejected the Soderbergs' proposed relocation of the easement. The Soderbergs brought this action to quiet title, or in the alternative, to relocate the easement. After two hearings, the trial court entered an adjudication order and *decree nisi*. The court found, *inter alia*, that the Weisels possessed and enjoyed prescriptive easement rights over the

---

1. By deed, a right-of-way was reserved over the land adjacent to the Soderbergs parcel, bordering Sleepy Hollow Road. No such right-of-way, however, was reserved over the Soderbergs' land proper.

Soderbergs' land, the Soderbergs were entitled to relocate the easement, and the Weisels were required to pay one half the relocation costs. Post-trial motions were filed and denied and a final decree was entered. This appeal followed. The Weisels present three questions for our consideration:

1. After a lower court finds that a party possesses prescriptive rights to an access way, can the court then order the relocation of that access way thereby terminating that party's original prescriptive rights?

2. Was the evidence sufficient as a matter of law to support a finding that the access way represented a dangerous situation and continuing interference with the Soderbergs' quiet enjoyment of their land?

3. Can a court acting in equity direct the Weisels to contribute one-half the cost of relocating the access way?

Preliminarily, we note that appellate review of an equity matter is limited to a determination of whether the chancellor committed an error of law or an abuse of discretion. *Marchetti v. Karpowich*, 446 Pa.Super. 509, 667 A.2d 724 (1995); *Purdy v. Zaver*, 398 Pa.Super. 190, 580 A.2d 1127 (1990). The scope of review of a final decree in equity is limited and will not be disturbed unless it is unsupported by the evidence or demonstrably capricious. *Sprankle v. Burns*, 450 Pa.Super. 319, 675 A.2d 1287 (1996); *Hostetter v. Hoover*, 378 Pa.Super. 1, 547 A.2d 1247 (1988). However, "conclusions of law or fact, being derived from nothing more than the chancellor's reasoning from underlying facts and not involving a determination of credibility of witnesses are reviewable." *Sprankle*, 450 Pa.Super. at 322, 675 A.2d at 1288 (*quoting Krosnar v. Schmidt Krosnar McNaughton Garrett Co.*, 282 Pa.Super. 526, 534, 423 A.2d 370, 374 (1980)).

The Weisels' first two arguments assert that the trial court lacked the authority to order relocation of the easement because the relocation unreasonably interferes with their use and enjoyment of the easement. The Weisels' first argument actually raises two issues. First, may a prescriptive easement be relocated without the consent of both the landowner and

the easement holder? And second, assuming that the law permits such relocation, does a court acting in equity have the power to order a relocation?

A prescriptive easement is a right to use another's property which is not inconsistent with the owner's rights and which is acquired by a use that is open, notorious, and uninterrupted for a period of twenty-one (21) years. *Waltimyer v. Smith*, 383 Pa.Super. 291, 556 A.2d 912 (1989). "A prescriptive easement, once acquired, may not be restricted unreasonably by the possessor of the land subject to the easement." *Palmer v. Soloe*, 411 Pa.Super. 444, 601 A.2d 1250 (1992). *See Matakitis v. Woodmansee*, 446 Pa.Super. 433, 667 A.2d 228 (1995) (erection of gate should not be restrained unless it is unreasonable interference with the easement, or completely denies rights of the user).

It is generally true that easements may not be modified, changed, altered, or relocated without the consent of both the dominant and servient estates. *Pennsylvania Water and Power Co., v. Reigart*, 127 Pa.Super. 600, 605, 193 A. 311, 314 (1937); *see also Woessner v. Wible*, 107 Pittsb. Leg. J. 323 (1959) (declaring that the right of an owner of an easement of way cannot, without the consent of the person having easement, change its location). However, there is no *per se* prohibition against a landowner relocating a prescriptive easement unless such action completely denies the easement holder the intended use of the original easement. *Palmer, supra*. Rather, courts employ the test of whether the relocation will unreasonably interfere with the easement holder's use and enjoyment of his right of way. *Id.* What constitutes unreasonable interference on the part of the servient owner depends upon the owner and his desired use, as well as the disadvantage to the owner of the easement. *Id.*

Our court has indicated that it would permit a servient estate to relocate a prescriptive easement where the resulting easement is as safe as the original location, the relocation results in a relatively minor change, and landowner's reasons

for moving the easement are substantial. *See Palmer, supra* [2] (safety, reason for relocation, and degree of change, should all be considered in determining whether relocation unreasonably interferes with the easement holder's use and enjoyment of his easement); *Flaherty v. DeHaven,* 302 Pa.Super. 412, 448 A.2d 1108 (1982) (right-of-way may not be blocked by land owner, even when easement holder has other means of access over land subject to the right-of-way, where the alternate access was not as safe as the original easement); *see also Stoner v. Kuester,* 66 York Leg. Rec. 49 (1952) (concluding that land owner's movement of prescriptive easement was valid because only minor changes were made and that the point of beginning and terminus were almost exactly the same). We, therefore, conclude that Pennsylvania law permits a minor, safe relocation of prescriptive easements that does not unreasonably interfere with an easement holder's use and enjoyment. *Palmer, supra; Flaherty, supra; Stoner, supra.*

The Weisels, however, contend that prescriptive easements are akin to boundary disputes, which are resolved under either a theory of adverse possession or consentable line, a theory separate and distinct from traditional adverse possession. *See Niles v. Fall Creek Hunting Club,* 376 Pa.Super. 260, 267–68, 545 A.2d 926, 930 (1988) (*en banc*); *see also Plott v. Cole,* 377 Pa.Super. 585, 593–95, 547 A.2d 1216, 1221 (1988). In that regard, the Weisels point out that if a boundary line is established by consent or adverse possession, then such line may not be unilaterally relocated. *See Plauchak v. Boling,* 439 Pa.Super. 156, 653 A.2d 671, 675 (1995) (holding that neighbors who consent to a property line may not unilaterally relocate such boundary to conform with their respective deeds). We disagree.

**2.** In *Palmer,* a property owner unilaterally relocated an easement on his property which connected the easement holder's land to a busy road. Evidence was presented that the relocated easement posed significant safety problems to the easement holder in that his view of the road was restricted. In addition, the relocated easement resulted in an increased difficulty in movement of the easement holder's farm equipment. This court held that under the circumstances the land owner had unreasonably interfered with the easement holder's use and enjoyment of the easement. *Palmer,* 411 Pa.Super. at 449, 601 A.2d at 1253.

166 

 A prescriptive easement differs from land acquired by adverse possession, because an adverse possessor acquires the land in fee, whereas the prescriptive easement holder is only entitled to an easement-like use. *Newell Rod and Gun Club, Inc. v. Bauer*, 409 Pa.Super. 75, 78–79, 597 A.2d 667, 669 (1991); *see also O'Hara v. Richardson*, 46 Pa. 385, 390–91 (1863) (one who occupies land adversely for the statutory period gains an absolute, marketable title); *Philadelphia Electric Co. v. City of Philadelphia*, 303 Pa. 422, 428–29, 154 A. 492, 494 (1931) (title acquired by adverse possession extinguishes all prior claims). Moreover, when a consentable line is established, the land behind such a line becomes the property of each neighbor regardless of what the deed specifies. *Id.* In essence, each neighbor gains marketable title to that land behind the line, some of which may not have been theirs under their deeds.

 In the case of prescriptive easements, however, the dominant estate **never** holds title to the easement. Accordingly, prescriptive easements differ from boundaries by consentable line. Because an estate which gains a prescriptive easement over another's land does not have exclusive title in fee over the right-of-way, *Plauchak, supra; Newell, supra*, if the relocated easement is practically the same in both safety and ease of use to the dominant estate, and the landowner has articulated substantial reasons for the relocation, it is fair and just to refrain from moving the easement back to its original location.[3]

 Having concluded that we can deny relief to an easement holder whose easement has been unilaterally relocated, *Palmer, supra*, we must now determine whether a court,

3. Prescriptive easements are also quite different from express grant easements. Express grant easements, once acquired, are much more difficult to alter. *See Zettlemoyer v. Transcontinental Gas Pipeline Corp.*, 540 Pa. 337, 657 A.2d 920 (1995) (alterations of easements expressly granted will be interpreted under contract law principles; permission to alter must be intended by words or meaning of grant). A prescriptive easement, however, differs markedly from an express grant easement, because the prescriptive easement is not fixed by agreement between the parties or their predecessors in interest.

through the use of its equitable powers, may compel the relocation of an easement. Our research has uncovered only one Pennsylvania case which has spoken on this issue. In *Brown v. Howell*, 8 North. Co. R. 181 (1901), a Court of Common Pleas explained that it lacked the authority to require the easement holder to exchange an established legal right for another one, even if it was more convenient.[4] *See* 80 A.L.R. 743 (1961) (discussing relocation by a judicial proceeding). The question has received varied treatment in other jurisdictions. Several courts have held that they lack the authority to order relocation of an easement, regardless of how necessary the modification might be and how little damage or inconvenience may result. *See, e.g., Thomason v. Kern & Co., Inc.*, 259 Ga. 119, 376 S.E.2d 872 (1989); *Edgell v. Divver*, 402 A.2d 395, 397–98 (Del.Ch.1979); *Davis v. Bruk*, 411 A.2d 660, 664–66 (Me.1980); *Daviess–Martin County v. Meadows*, 179 Ind.App. 622, 386 N.E.2d 1000, 1002 (1979). These courts apply the principle, however, that easements once established are not movable by **any** means without the consent of both parties. By contrast, the courts that refuse to order landowners to return relocated easements to their original location when the relocation is minor and the interests of the parties are fully preserved, likewise have exercised their authority to compel relocation. *See, e.g., Kline v. Bernardsville Association, Inc.*, 267 N.J.Super. 473, 631 A.2d 1263 (1993); *RFS Inc. v. Cohen*, 772 S.W.2d 713, 714–15 (Mo.Ct. App.1989); *Ramsey v. Johnson*, 312 So.2d 671, 672 (La.Ct. App.1975); *Sedillo Title Guaranty, Inc. v. Wagner*, 80 N.M. 429, 457 P.2d 361, 363–64 (1969).

We favor the latter approach. Specifically, we hold that a court may compel relocation of an easement if that relocation would not substantially interfere with the easement holder's use and enjoyment of the right of way and it advances the interests of justice. To hold otherwise would produce an inconsistent result, because a landowner that relocates an

---

4. While we may consider a trial court's opinion, we are not bound by it. Trial court decisions are instructive, perhaps persuasive, but not precedential. *See Hatcher v. Travelers Insurance Co.*, 421 Pa.Super. 225, 229, 617 A.2d 808, 810 (1992).

easement himself would be protected by our courts, whereas if that same landowner sought relocation of the same easement through judicial proceedings, he would be afforded no relief. We caution, however, that ordering relocation is an extraordinary remedy and should be used sparingly.

In the present case, a review of the record supports the trial court's conclusion that relocation of the easement would not unreasonably interfere with the Weisels' use and enjoyment of their right-of-way. *Marchetti, supra; Purdy, supra; Sprankle, supra; Hostetter, supra.* The relocated easement provides the same points of ingress and egress as the original, therefore, the change is minor. *Palmer, supra; Stoner, supra.* In addition, the present location of the easement, less than twenty feet from the Soderbergs' residence, poses a serious danger to the Soderbergs' young children, due to both its proximity to the home and the nature of its use, *i.e.* heavy farm equipment and steady traffic from the Weisels' tenants. *Palmer, supra.* Finally, the record is completely devoid of any evidence, testimonial or otherwise, tending to show that the relocated easement would be unsafe for travel, *Flaherty, supra,* or that the Weisels' would have a greater difficulty negotiating their farm equipment. *Palmer, supra.* Accordingly, we conclude that the trial court's order to compel relocation was proper.[5]

Appellants also claim that the trial court lacked the authority to direct them to contribute one-half the cost of

---

**5.** We note that the Weisels have failed to include relevant portions of the record for our review of this claim. Specifically, the Weisels have only partially transcribed the notes of testimony of May 9, 1994. *See* Pa.R.A.P. § 1911(a) and (d). *See also Cade v. McDanel,* 451 Pa.Super. 368, 679 A.2d 1266 (1996) (it is appellant's responsibility to supply this Court with a complete record for purposes of review); *Spino v. John S. Tilley Ladder Co.,* 448 Pa.Super. 327, 671 A.2d 726 (1996) (burden of supplying complete record, including ordering transcript for appeal, placed squarely on appellant). This apparent cost saving measure could have cost the Weisels review on appeal. Nonetheless, based upon the available record and exhibits, we are able to provide meaningful appellate review of the issue. *See Commonwealth v. Burrows,* 379 Pa.Super. 548, 550 A.2d 787 (1988) (meaningful appellate review does not require a complete trial transcript; "equivalent picture" is all that is required).

relocating the right-of-way. Appellees, however, assert that this issue has been waived. Alternatively, appellees contend that the trial court did not abuse its discretion when it allocated costs to relocate the easement.

The Weisels formally raised the issue of improper costs allocation for the first time in their post-trial motions. The Soderbergs argue that the Weisels waived the issue under Pa. R.C.P. 227.1(b), which provides:

(b) Post-trial relief may not be granted unless the grounds therefor,

(1) if then available, were raised in pre-trial proceedings or by motion, objection, point of charge, request for findings of fact or conclusions of law, offer of proof or other appropriate method at trial; and

(2) are specified in the motion. The motion shall state how the grounds were asserted in pre-trial proceedings or at trial. *Grounds not specified are deemed waived unless leave is granted upon cause shown to specify additional grounds.*

Pa.R.C.P. 227.1(b) (emphasis added).

The purpose of Rule 227.1(b) is to provide the trial court with an opportunity to review and reconsider its earlier rulings and correct its own error. *American Ass'n v. Casualty Reciprocal,* 527 Pa. 59, 66–68, 588 A.2d 491, 495 (1991); *Meeting House Lane, Ltd. v. Melso,* 427 Pa.Super. 118, 124–26, 628 A.2d 854, 857 (1993); Pa.R.C.P. 227.1, Explanatory Comments. If the trial court is given this opportunity, and chooses to address the contentions set forth in the post-trial motions, we will not preclude presentation of the issue on appeal merely because appellant has not strictly complied with the rule. *See American Ass'n, supra; see also Takes v. Metropolitan Edison Co.,* 440 Pa.Super. 101, 110–14, 655 A.2d 138, 143–44 (1995) (*en banc*) (although the formal objection first made in a post-trial motion and was vague and obscure exchange between trial court and attorney coupled with a trial court's finding that issues were not waived were enough to preserve issues for our appellate review); *Meeting House,*

*supra* (holding that although appellant was "not in full con-formity with both the spirit and the letter of Rule 227.1's requirement that the post-trial motion state how the grounds for relief were asserted in a pre-trial proceeding or at trial," issue would nonetheless be reviewed on appeal, because the trial court had opportunity to to correct its own error); *James v. Nolan*, 418 Pa.Super. 425, 427, 614 A.2d 709, 711 n. 1 (1992) (issue on appeal would be addressed even though appellant's first formal objection was in post-trial motion).

In *Takes, supra*, we explained that when an issue is first formally raised post-trial and the trial court concludes that the issue was nonetheless preserved, we would defer to the trial court's determination and address the substance of the appeal. We stated, "[i]t would be an inappropriate function of a reviewing court to substitute its own subjective interpretation of the record in order to find waiver when it was 'clear' to the trial court that the objection ... was 'preserved.'" *Id.* We, therefore, find that because the trial court was given the opportunity to correct its errors and because the trial court determined that these issues were not waived, we are able to address the Weisels' contention that the trial court abused its discretion in allocating one-half of the costs of relocation to them.[6]

In its decree, the trial court ordered, "Total cost of relocating the access lane, including all engineering permit and construction fees shall be divided equally between the parties." The trial court, however, articulated no reasons for its decision to split the costs of relocation of the easement.

**6.** The Soderbergs also assert that even if this issue was preserved at trial, it was waived, because the Weisels failed to include it in their Rule 1925(b) statement. *See* Pa.R.A.P. 1925(b). We need not discuss this issue, because the Weisels have, in fact, included it in their Rule 1925(b) statement. Paragraph four of the Weisels' Rule 1925(b) statement asks, "Whether the Court committed error by ordering the reloca-tion of the driveway contrary to the case of *Scoppa v. Myers*, 341 Pa.Super. 61, 491 A.2d 148 (1985), in which the Superior Court concluded that a proposed compromise solution involving the width of a right of way that was inconsistent with applicable legal principles to which the owner of a driveway was entitled was improper **when the solution was achieved at the expense of the owners of a driveway** . . ."

We find that in so ordering, the trial court abused its discretion. *Marchetti, supra; Purdy, supra.* The easement was relocated expressly for the benefit of the Soderbergs. In fact, the Weisels were perfectly content in leaving their easement in its original location. Thus, but for the Soderbergs' suit in equity, the easement would have remained in its original location. We can see no reason, logical or otherwise, to justify the Weisels' contribution to the relocation of the easement that benefits solely the Soderbergs. Accordingly, we reverse the trial court's decree as to allocation of the costs of relocation only, and direct the Soderbergs to bear the entire cost of relocation.

Order affirmed in part, reversed in part. Case remanded for proceedings consistent with this opinion. Jurisdiction relinquished.