I dissent because I do not believe the trial court's finding that the alternate route was adequate is plainly erroneous or manifestly unjust. Whether a restriction on a private easement is objectionable is a question of reasonableness under all the circumstances. Simpson v. Harbin, 447 So.2d 189 (Ala. 1984).
Although "[i]t is generally true that easements may not be modified, changed, altered, or relocated without the consent of both the dominant and the servient estates, . . . there is no per se prohibition against a landowner relocating a prescriptive easement unless such action completely denies the easement holder the intended use of the original easement."Soderberg v. Weisel, 687 A.2d 839, 842 (Pa.Super. 1997). A court may compel relocation of an easement if the landowner's reasons for moving the easement are substantial, the relocation is safe, and the change would not substantially interfere with the easement holder's use and enjoyment of the right of way.Id. Because all of the foregoing requirements were satisfied in this case, the trial court did not err in approving the relocation of the easement.