J-A16003-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JAMES BRIAN, SR., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EVIE M. SPRINGFIELD, | |
| Appellant | No. 1145 WDA 2015 |

Appeal from the Judgment Entered July 22, 2015
In the Court of Common Pleas of Allegheny  County
Civil Division at No(s): GD 10 023917

BEFORE:  SHOGAN, OLSON, and STRASSBURGER,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED SEPTEMBER 15, 2016**

Appellant, Evie M. Springfield ("Daughter"), appeals from the judgment entered in favor of James Brian, Sr. ("Father") following a nonjury trial in this civil matter.  Daughter failed to file timely post-trial motions. Accordingly, we affirm.

We summarize the history of this case as follows.  Prior to 1998, Father owned a parcel of real estate in Monroeville, PA.  In 1998, Father transferred the parcel to Daughter and James G. Brian, Jr. ("Son").  The parties anticipated that a portion of the land would be leased to Sheetz, Inc. ("Sheetz") for a convenience store and that Daughter and Son would receive monthly rental payments.  In return for the transfer of the real estate,

_____

[*]  Retired Senior Judge assigned to the Superior Court.

Daughter and Son entered into an oral agreement with Father to provide Father with future financial assistance in the form of monthly payments for as long as Daughter and Son received rental income from Sheetz. Daughter and Son entered into the lease agreement with Sheetz on March 16, 2002, and each began to make monthly payments to Father in the amount of $500.00. After four years and nine months, Daughter and Son each unilaterally increased their monthly payments to $1,000.00. After an additional one year and six months, Daughter unilaterally decreased her monthly payment to Father to $500.00. After another twelve months, Daughter completely terminated her monthly payments to Father.

On December 17, 2010, Father filed a civil complaint against Daughter and an amended complaint. Father raised claims of breach of contract, specific performance, and anticipatory breach of contract. On June 13, 2011, Daughter filed an answer and new matter, which claimed applicability of the statute of frauds. Father filed an answer on October 28, 2013.

The matter proceeded to a nonjury trial on May 1, 2015, and the parties then submitted proposed findings of fact and conclusions of law. On May 27, 2015, the trial court entered a verdict and order of court finding in favor of Father and against Daughter in the amount of $76,000.00, plus interest and costs. Daughter failed to file timely post-trial motions.

On June 25, 2015, new counsel for Daughter entered a praecipe for appearance and filed a "petition for leave to file post-trial motions *nunc pro*

*tunc*." In an order dated June 25, 2015, and entered on June 26, 2015, the trial court denied Daughter's petition. Daughter filed an appeal on June 25, 2015, which was docketed by this Court at 1006 WDA 2015. The verdict eventually was reduced to judgment on July 22, 2015, and Daughter filed a second appeal that was docketed at 1145 WDA 2015. On September 4, 2015, this Court entered an order dismissing the appeal at 1006 WDA 2015 as "unnecessary." The trial court did not direct the filing of a Pa.R.A.P. 1925(b) statement. The trial court filed a one-paragraph Pa.R.A.P. 1925(a) opinion indicating that any issues on appeal are waived due to Daughter's failure to file timely post-trial motions.

Daughter presents the following issue for our review:

> Whether the Lower Court erred in denying Appellant's Verified Petition for Leave to File Post Trial Motion *nunc pro tunc*?

Appellant's Brief at 4. In her sole issue on appeal, Daughter argues that the trial court abused its discretion in denying her petition requesting the opportunity to file post-trial motions *nunc pro tunc* so that she could raise substantive issues on appeal challenging the award of money to Father. Appellant's Brief 10-17.[1]

---

[1] To the extent Daughter attempts to argue the underlying merits of this matter, Appellant's Brief at 12-17, as we discuss *infra*, "If an issue has not been raised in a post-trial motion, it is waived for appeal purposes." **Lane Enterprises, Inc. v. L.B. Foster Co.**, 710 A.2d 54 (Pa. 1998). Because Daughter failed to file post-trial motions, we decline her invitation to address the underlying merits of this case.

Pennsylvania Rule of Civil Procedure 227.1 sets forth the requirements for post-trial relief and states, in pertinent part, as follows:

**Rule 227.1. Post-Trial Relief**

* * *

(c) **Post-trial motions shall be filed within ten days after**

      (1) verdict, discharge of the jury because of inability to agree, or nonsuit in the case of a jury trial; or

      (2) notice of nonsuit or **the filing of the decision in the case of a trial without jury**.

If a party has filed a timely post-trial motion, any other party may file a post-trial motion within ten days after the filing of the first post-trial motion.

Pa.R.C.P. 227.1 (emphases added). Thus, pursuant to the rule, a party must file post-trial motions within ten days after the filing of the decision following a nonjury trial. Pa.R.C.P. 227.1(c)(2).

As our Supreme Court has explained:

Under Rule 227.1, a party must file post-trial motions at the conclusion of a trial in **any** type of action in order to preserve claims that the party wishes to raise on appeal.

**Chalkey v. Roush**, 805 A.2d 491, 496 (Pa. 2002) (emphasis in original). The purpose of this rule is "to provide the trial court the first opportunity to review and reconsider its earlier rulings and correct its own error." **Chalkey v. Roush**, 757 A.2d 972, 975 (Pa. Super. 2000) (*en banc*) (quoting

*Soderberg v. Weisel*, 687 A.2d 839, 845 (Pa. Super. 1997)).[2] Consequently, the failure to timely file post-trial motions–regardless of whether the decision is rendered in an action at law or in equity–results in waiver of those issues the party wishes to raise on appeal. *Chalkey*, 805 A.2d at 496. *See also Lane Enterprises, Inc. v. L.B. Foster Co.*, 710 A.2d 54 (Pa. 1998) ("If an issue has not been raised in a post-trial motion, it is waived for appeal purposes."). Indeed, "[o]ur Court has consistently refused to entertain appeals from orders or verdicts following nonjury trials in actions at law when no post-trial motions have been filed." *Lenhart v. Cigna Companies*, 824 A.2d 1193, 1196 (Pa. Super. 2003).

The decision whether to allow the filing of a post-trial motion *nunc pro tunc* is vested in the sound discretion of the trial court and will not be reversed absent an abuse of that discretion. *Lenhart*, 824 A.2d at 1195. "An abuse of discretion is not merely an error of judgment but is found where the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will as shown by the evidence or the record." *Id*. (citation and quotation marks omitted). A court may grant permission to file a post-trial motion *nunc pro tunc* when a party shows she was unable to file the motion due to extraordinary circumstances involving fraud or a breakdown in the court's

_____

[2] Likewise, Pa.R.A.P. 302(a) provides that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal."

operation. ***D.L. Forrey & Associates, Inc. v. Fuel City Truck Stop, Inc.***, 71 A.3d 915, 920 (Pa. Super. 2013). Moreover, we have stated that "[t]he grant of *nunc pro tunc* relief is not designed to provide relief to parties whose counsel has not followed proper procedure in preserving appellate rights." ***Lenhart***, 824 A.2d at 1197-1198. As our Supreme Court has long expressed, "if inadvertence of counsel were a valid reason for disregarding the time limitation rules of our Supreme Court, then they might as well not have any rules at all." ***E.J. McAleer & Co. v. Iceland Products***, 381 A.2d 441, 444 (Pa. 1977) (quoting the trial court with approval).

Instantly, our review of the certified record reflects that following a nonjury trial, the court announced its verdict in an order dated and entered May 27, 2015. The docket reveals that Pa.R.C.P. 236 notice[3] was given to the parties on May 28, 2015. Daughter failed to file her post-trial motions within ten days as required by Rule 227.1. Rather, on June 25, 2015, new counsel filed a *praecipe* for appearance on Daughter's behalf and also filed a petition for leave to file post-trial motions *nunc pro tunc*. In Daughter's petition, she alleged that her trial counsel did not immediately notify her of the nonjury verdict, and she did not receive notice of the verdict within ten days following its entry on the docket. Petition, 6/25/15, at 1, ¶ 3. Daughter further noted that it was her desire to pursue post-verdict relief

---

[3] Pa.R.C.P. 236(b) requires the prothonotary to include in the docket a notation that notice of the decision was given to the parties.

and engaged new counsel. *Id*. at ¶ 5. As previously indicated, on July 22, 2015, after expiration of the time to file timely post-trial motions, Father filed a *praecipe* for entry of judgment and judgment was properly entered on the docket.

Daughter's failure to file timely post-trial motions and her delay in seeking leave to file post-trial motions *nunc pro tunc* were not due to any extraordinary circumstances or breakdown in the court's operation. Rather, the procedural missteps that led to the failure to file timely post-trial motions were wholly attributable to Daughter. Under these circumstances, the trial court acted well within its discretion when it denied Daughter's request for leave to file post-trial motions *nunc pro tunc*. Accordingly, we affirm.

Judgment affirmed.

Judge Olson joins the Memorandum.

Judge Strassburger files a Dissenting Memorandum.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/15/2016