**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CAWLEY FAMILY LIMITED PARTNERSHIP | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 1372 MDA 2017 |
| KATHLEEN FIORELLI, CHARLES NEARY, RICHARD NEARY AND SARANN WHEELER | : | |
| | : | |
| | : | |

Appeal from the Judgment August 9, 2017
In the Court of Common Pleas of Lackawanna County Civil Division at
No(s):  2015 CV 03233

BEFORE:   PANELLA, J., OLSON, J., and STEVENS*, P.J.E.

MEMORANDUM BY OLSON, J.:                    **FILED JUNE 18, 2018**

Appellant, Cawley Family Limited Partnership, appeals the declaratory judgment of August 9, 2017 entered in favor of Kathleen Fiorelli, Charles Neary, Richard Neary, and Sarann Wheeler (collectively referred to hereafter as "Neighbors").  We affirm.

We briefly summarize the facts and procedural history of this case as follows.  This case involves a property dispute regarding a roadway owned by Appellant.  Neighbors utilized the roadway to access their family cottage since purchasing the property over 44 years ago.  On May 8, 2015, Appellant filed a complaint against Neighbors to quiet title, requesting a declaratory judgment and seeking an injunction to prohibit Neighbors from using the roadway.  Neighbors filed an answer to the complaint and new matter,

_____

*   Former Justice specially assigned to the Superior Court.

asserting a counter-claim for declaratory judgment on June 1, 2015. Therein, Neighbors claimed that they possessed an easement by prescription over the roadway for ingress and egress. On June 12, 2015, Neighbors filed a petition for a preliminary injunction alleging that Appellant had parked an excavator on the roadway to block access to their property. On the same day, the trial court entered an order granting the preliminary injunction. On June 16, 2015, the parties stipulated to continue the injunction until the underlying lawsuit was resolved. On June 30, 2016, Appellant filed a reply to Neighbors' new matter.

The trial court held a bench trial on April 7, 2017. Thereafter, the parties filed legal memoranda supporting their respective arguments. On May 23, 2017, the trial court entered a non-jury verdict denying Appellant relief. The trial court further determined Neighbors had acquired a prescriptive easement over the subject roadway and were entitled to utilize the property for ingress and egress to their cottage. Appellant filed a post-sentence motion on June 2, 2017. Therein, Appellant argued that the easement had a public purpose from 1975 through 2015, providing ingress and egress to a public utility station and, therefore, Neighbors failed to prove that they had continuous and uninterrupted use of the roadway for the requisite 21-year period. On August 9, 2017, the trial court denied Appellant post-trial relief and entered judgment

in favor of Neighbors by order and accompanying opinion. This timely appeal resulted.[1]

On appeal, Appellant presents the following issue for our review:

[W]hether [Neighbors'] claim of prescriptive easement is barred by a public utility easement that existed for thirty years over the same dirt road that [Neighbors] claim they used the lower portion of prescriptively for forty-four years[?]

Appellant's Brief at 4 (suggested answers and reference to exhibits omitted).

Appellant contends that the trial court erred in concluding that Neighbors acquired a prescriptive easement based on their continuous and uninterrupted use of the subject roadway for a consecutive 21-year period. *Id.* at 9. Appellant posits the trial court erred "because [Neighbors'] claimed forty-four years of alleged use was interrupted by a thirty year easement of necessity in favor of a public utility over the entire length of the same road." *Id.* Appellant claims the trial court failed to apply the law pertaining to adverse possession when evaluating whether Neighbors had acquired a prescriptive easement.[2] *Id.* In their appellate submissions, Neighbors assert

---

[1] Appellant filed a notice of appeal on August 25, 2017. The trial court did not order Appellant to file a concise statement of errors complained of on appeal under Pa.R.A.P. 1925(b). Instead, on October 31, 2017, the trial court entered an order pursuant to Pa.R.A.P. 1925(a) relying on its August 9, 2017 opinion as its rationale for denying Appellant relief.

[2] As will be discussed at length below, the adverse possession doctrine and prescriptive easement doctrine require proof of similar elements. However, adverse possession requires exclusive possession of land, whereas a right to a prescriptive easement does not.

- 3 -

that they were entitled to relief under the prescriptive easement doctrine without the need to establish adverse possession; hence, Neighbors maintain that the trial court did not commit legal error.[3]

Our standard of review of an equity matter is as follows:

Appellate review of equity matters is limited to a determination of whether [there was] an error of law or abuse[ of] discretion. The scope of review of a final decree in equity is limited and will not be disturbed unless it is unsupported by the evidence or demonstrably capricious.

An easement may be created 1) expressly; 2) by prescription; 3) by necessity; or 4) by implication.

**Phillippi v. Knotter**, 748 A.2d 757, 758 (Pa. Super. 2000) (citations and original brackets omitted).

Here, Appellant argues that in order to establish a prescriptive easement, all of the elements required in proving adverse possession must also be proven. We disagree. "One who claims title by adverse possession must prove actual, continuous, **exclusive**, visible, notorious, distinct and hostile possession of the land for twenty-one years. Each of these elements must exist; otherwise, the possession will not confer title." **Bezjak v. Diamond**, 135 A.3d 623, 627 (Pa. Super. 2016) (citation

---

[3] In a reply to Neighbor's appellate brief, Appellant argues that "governmental and quasi-governmental immunity applies to both adverse possession and prescriptive easements." Appellant's Reply Brief at 2. Upon review, Appellant did not present this aspect of its argument to the trial court below in its memorandum of law filed after the non-jury trial or in its post-trial motion. We find this portion of Appellant's current argument waived. **See** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.")

omitted; emphasis added). Whereas, "[a] prescriptive easement is a right to use another's property which is not inconsistent with the owner's rights and which is acquired by a use that is open, notorious, and uninterrupted for a period of twenty-one (21) years." *Soderberg v. Weisel*, 687 A.2d 839, 842 (Pa. Super. 1997) (citation omitted).

"A prescriptive easement differs from land acquired by adverse possessor, because an adverse possessor acquires the land in fee, whereas the prescriptive easement holder is only entitled to an easement-like use." *Id.* at 843 (citation omitted). Moreover, "[a]dverse possession, unlike prescription, requires exclusivity." *Newell Rod and Gun Club, Inc. v. Bauer*, 597 A.2d 667, 670 (Pa. Super. 1991). "Another factor for establishing a prescriptive easement that is somewhat less stringent than that required for adverse possession is the 'continuous use' of the property." *Id.* "In establishing a prescriptive easement, constant use need not be demonstrated in order to establish the continuity of the use." *Id.* Rather, "continuity is established if the evidence shows a settled course of conduct indicating an attitude of mind on the part of the user or users that the use is the exercise of a property right." *Id.* A landowner who was in privity with the prior landowner may tack the prior use of an easement on to his or her own use. *See Matakitis v. Woodmansee*, 667 A.2d 228, 232 n.1 (Pa. Super. 1995) (citation omitted).

As the foregoing principles reveal, the prerequisites for proving adverse possession and prescriptive easements differ and Appellant's argument that

the trial court erred in failing to apply the law of adverse possession in this case fails. Here, there is no dispute that Neighbors, and their parents before them, used the roadway openly and notoriously for ingress and egress to their family's cottage for 44 years. This continued use by Neighbors evinced a settled course of conduct indicating their exercise of a property right. Thus, the mere fact that a utility had procured an easement by necessity on the disputed parcel, did not affect Neighbor's right to relief. Appellants have not cited any law, and our independent research has not revealed, that only one easement may exist over a single tract of land. Neither the utility nor Neighbors have a claimed right to title over this land. Instead, Neighbors have proven they are entitled to a prescriptive easement because they used the subject roadway openly, notoriously, and uninterrupted for a period of 21 years. Thus, we conclude the trial court did not err as a matter of law and Appellant's sole appellate issue is without merit.

Judgment affirmed.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/18/2018