J-A13041-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| DAN EDWARD CALLEN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MAE ELAINE FOERTSCH | : | |
| | : | |
| Appellant | : | No. 1158 WDA 2024 |

Appeal from the Order Entered September 25, 2023
In the Court of Common Pleas of Butler County
Civil Division at No(s) 22-10530

BEFORE:  BOWES, J., OLSON, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:          **FILED: July 15, 2025**

Mae Elaine Foertsch (Appellant) appeals from the order which entered judgment on the pleadings and granted Dan Edward Callen (Callen) quiet title to 1415 East Cruikshank Road, Valencia, Pennsylvania (the Property).  After careful consideration, we reverse the order and remand for further proceedings.

*Undisputed Facts*

Appellant is Callen's niece.  Appellant's mother, Elaine Sue Callen-Foertsch (Callen-Foertsch), was Callen's sister.  Callen-Foertsch died on November 6, 2021.  More than 30 years prior, Callen-Foertsch and Callen inherited the Property.  A deed dated May 30, 1990 transferred the Property to the siblings as "joint tenants with right of survivorship, and not as tenants in common."  Complaint, 1/27/22, at Exhibit A (1990 Deed).  The 1990 Deed describes the Property as "containing 125 acres, more or less."  ***Id.***

On August 20, 2009, Callen-Foertsch and Callen entered into an oil and gas lease with R.E. Gas Development, LLC.  Like the 1990 Deed, the oil and gas lease referred to the siblings as "joint tenants with right of survivorship, and not as tenants in common."  *Id.* at Exhibit C (the Lease).  The Lease provided that Callen-Foertsch and Callen were entitled to royalty payments.  *Id.*  Callen "has received, and continues to receive, royalty payments under the terms of the Lease."  *Id.* at 5.  It is Callen's understanding that Callen-Foertsch also "received royalty payments under the terms of the Lease."  *Id.*

Following Callen-Foertsch's death, a "Gift Deed" was recorded which transferred Callen-Foertsch's interest in the Property to Appellant.[1]  *Id.* at Exhibit B (Gift Deed).  The Gift Deed states:

<u>PENNSYLVNIA [*sic*] GIFT DEED</u>

KNOW ALL MEN BY THESE PRESENTS THAT:

FOR CONSIDERATION of the love and affection which [] <u>Callen-Foertsch</u>, an individual, married woman, hereafter referred to as "Grantor", bears unto my daughter, <u>[Appellant]</u>, an individual, unmarried woman, hereafter referred to as "Grantee", and also for the better maintenance, support, protection and livelihood of Grantee, Grantor does hereby give, assign, transfer, and set over unto Grantee all right, title, and my interest in and to the following land, property and mineral rights, together with all improvements located thereon, lying in the county of <u>Butler</u>, <u>State of Pennsylvania</u>….

*Id.* (underlining in original).

---

[1] The Gift Deed is dated October 1, 2021, and was recorded on December 7, 2021.  *Id.*

After the Gift Deed was recorded, Appellant began receiving the royalty payments previously paid to Callen-Foertsch. *Id.* at 6 (Callen averring, "due to the 'PENNSYLVNIA [*sic*] GIFT DEED,' [Appellant] is now receiving [Callen-Foertsch's] royalty payments"); *see also* Answer, New Matter and Counterclaim, 3/9/23, at 3 (Appellant's admission to receiving royalty payments).

*Procedural History*

On July 27, 2022, Callen filed a complaint to quiet title to the Property. Callen averred, *inter alia*, that the Gift Deed did not sever his joint tenancy with Callen-Foertsch, and when Callen-Foertsch died, her ownership interest passed to Callen.

On March 9, 2023, Appellant filed an answer, new matter and counterclaim. Appellant averred that "Callen-Foertsch's transfer of her interest in the Property to [Appellant] was entirely proper under Pennsylvania law." Answer, New Matter and Counterclaim at 7. In addition, Appellant claimed that Callen had been unjustly enriched by her payment of "one hundred percent (100%) of the Property's taxes" since October 2021. *Id.* at 8. Appellant averred that Callen, as half-owner of the Property, "owe[d] fifty percent (50%) of the Property's taxes paid by [Appellant]." *Id.* In response, Callen stated that Appellant "only paid taxes in the Spring of 2022," and Callen "paid the remainder of the taxes." Reply, 3/31/23, at 4.

On June 15, 2023, Callen filed a motion for judgment on the pleadings. Callen averred that he was entitled to judgment as a matter of law because

the facts were not disputed and the Gift Deed did not sever his joint tenancy with Callen-Foertsch. On September 14, 2023, Appellant filed a reply in opposition. Appellant averred that the Gift Deed properly conveyed Callen-Foertsch's interest in the Property to Appellant. Appellant maintained that judgment should not be entered because Callen-Foertsch severed the joint tenancy and created a tenancy in common between Appellant and Callen.

The trial court heard argument on September 21, 2023. The parties agreed that Callen-Foertsch had the right to sever the joint tenancy, and "clear proof" of Callen-Foertsch's intent was required to do so. N.T., 9/21/23, at 5. Thus, the issue was whether the Gift Deed proved Callen-Foertsch's intent to sever the joint tenancy. *Id.* at 7.

Callen argued that even if the Gift Deed was valid, it did not destroy the joint tenancy.[2] Callen reasoned:

> [Appellant's] whole case is on [the Gift Deed]; their whole defense is on that deed. Assuming that it is valid, it doesn't destroy the unities. … It's not enough to just say "my interest" and never mention [Callen] and never mention [ownership of the Property] as a joint tenancy. It has to be much stronger than that, so that's a legal question, and … the answer to that question is it did not[,] … so [the Property is] still a joint tenancy[, and when Callen-Foertsch] died, it passed to [Callen].

*Id.* at 3-4.

---

[2] Callen's counsel stated that the validity of the Gift Deed was "another argument, but for judgment on the pleadings, even if you assume the [Gift Deed] is valid, it's not sufficient." *Id.* at 3.

Initially, Appellant argued that Callen-Foertsch had the capacity to execute the Gift Deed, but the trial court advised that it "was not going to decide that issue … at this stage." *Id.* at 4. Appellant then argued that specific wording was not required to sever the joint tenancy, and the language in the Gift Deed was sufficient to prove Callen-Foertsch's intent to do so. *Id.* at 5. Appellant asserted that the Gift Deed "flip[ped the Property] to a tenancy in common." *Id.*

After argument, the trial court stated that it would "take a closer look" before making a decision. *Id.* at 10. On September 25, 2023, the court issued an opinion and order finding that Callen-Foertsch had not severed the joint tenancy. The court entered judgment on the pleadings and declared that Callen "has sole title to the [P]roperty in fee simple … and is entitled to the quiet peaceful possession of the oil, gas, mineral rights, and estate of the [P]roperty." Order, 9/25/23.

Appellant filed a timely appeal. However, the appeal was quashed due to the pendency of Appellant's unjust enrichment claim. *Callen v. Foertsch*, No. 1259 WDA 2023 (Pa. Super. filed May 15, 2024) (unpublished memorandum). After the record was returned to the trial court, a hearing on the counterclaim was scheduled for August 28, 2024. Prior to the hearing, on August 22, 2024, the parties jointly praeciped to discontinue the counterclaim. The hearing was canceled, and the September 25, 2023 order became final. On September 18, 2024, Appellant filed the underlying appeal. Appellant also filed a court-ordered concise statement pursuant to Pa.R.A.P. 1925(b). On

November 20, 2024, the trial court issued a supplemental opinion incorporating the opinion and order entered on September 25, 2023.

Appellant presents the following issues for review:

1. Did the [t]rial [c]ourt err in granting [Callen's] [m]otion for [j]udgment on the [p]leadings by finding that the voluntary unilateral transfer of one joint owner's interest in real property did not destroy a joint tenancy with right of survivorship and create a tenancy in common in its place?

2. Did the [t]rial [c]ourt err in granting [Callen's] [m]otion for [j]udgment on the [p]leadings by resolving a factual dispute related to the capacity of the deceased grantor of the subject Gift Deed without [a] hearing or trial?

Appellant's Amended Brief (Appellant's Brief) at 5.[3]

*Discussion*

Our review of an order granting judgment on the pleadings is plenary, and we apply the same standard as the trial court. ***Nationwide Prop. & Cas. Ins. Co. v. Castaneda***, 306 A.3d 397, 399 (Pa. Super. 2023). This Court has explained:

Entry of judgment on the pleadings is permitted under Pennsylvania Rule of Civil Procedure 1034, which provides that "after the pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for judgment on the pleadings." Pa.R.C[iv].P. 1034(a). A motion for judgment on the pleadings is similar to a demurrer. It may be entered when there are no disputed issues of fact and the moving party is entitled to judgment as a matter of law.

---

[3] We granted Appellant's request to file an amended brief with corrected citations "to enhance clarity and accuracy without impacting the substantive content of the Brief." Application to Amend Brief, 1/15/25, at 2; ***see also*** Order, 1/31/25.

… A trial court must confine its consideration to the pleadings and relevant documents. The court must accept as true all well pleaded statements of fact, admissions, and any documents properly attached to the pleadings presented by the party against whom the motion is filed, considering only those facts which were specifically admitted.

*Sw. Energy Prod. Co. v. Forest Res., LLC*, 83 A.3d 177, 185 (Pa. Super. 2013) (citation omitted). This Court will affirm the grant of judgment on the pleadings "only when the **'moving party's right to succeed is certain and the case is so free from doubt that [a] trial would clearly be a fruitless exercise.'"** *Nationwide Prop. & Cas. Ins. Co.*, *supra* (emphasis in original, citation omitted). "It is fundamental that a judgment on the pleadings should not be entered where there are unknown or disputed issues of fact." *Commonwealth v. All that Certain Lot or Parcel of Land Located at 4714 Morann Ave., Houtzdale, Clearfield Cnty.*, 261 A.3d 554, 559–60 (Pa. Super. 2021).

Regarding joint tenancy with right of survivorship (JTWROS), our Supreme Court has summarized the law as follows:

When two or more persons hold property as JTWROS, title to that property vests equally in those persons during their lifetimes, with sole ownership passing to the survivor at the death of the other joint tenant. In contrast, a tenancy in common is an estate in which there is unity of possession but separate and distinct titles. The essence of a JTWROS is the four unities: interest, title, time, and possession.

*In re Est. of Quick*, 905 A.2d 471, 474 (Pa. 2006) (footnote and citations omitted).[4]

A joint tenant may sever a JTWROS. Severance occurs when a joint tenant "takes affirmative steps to create a tenancy in common." *Id.* at 475. The act "must be of sufficient manifestation that the actor is unable to retreat from his position of creating a severance of the joint tenancy." *Id.* (citations omitted). The act may be unilateral, "so long as the act clearly and unequivocally signifies an intent to sever." *Id.* (citing *Clingerman v. Sadowski*, 519 A.2d 378, 383 (Pa. 1986)).

In her first issue, Appellant argues that the trial court "misinterpret[ed] the law by holding that a joint tenancy with right of survivorship is not destroyed when one joint tenant unilaterally transfers her interest to a third party, thus creating a tenancy in common." Appellant's Brief at 12. Appellant asserts that Callen-Foertsch's "voluntary unilateral act of drafting, executing and filing the Gift Deed destroyed all of the unities except for possession[,]

_____

[4] More recently, the Supreme Court observed:

> [T]he four unities of a joint tenancy have a long history in the common law. *See* 2 WILLIAM BLACKSTONE, COMMENTARIES *180 ("The properties of a joint-estate are derived from its unity, which is fourfold; the unity of interest, the unity of title, the unity of time, and the unity of possession; or, in other words, joint-tenants have one and the same interest, accruing by one and the same conveyance, commencing at one and the same time, and held by one and the same undivided possession.").

*In re Est. of Plance*, 175 A.3d 249, 263 n.10 (Pa. 2017).

and by extension could only have created a tenancy in common." *Id.* at 18 (citation omitted). According to Appellant, the court erred by concluding that the Gift Deed showed "a literal transfer of [] Callen-Foertsch's JTWROS interest." *Id.* Appellant argues:

> [E]ven if a literal transfer was possible, [Appellant] would then be a [j]oint [t]enant with [r]ight of [s]urvivorship. [T]he [t]rial [c]ourt cannot deprive [Appellant] of ownership based on language in the Gift Deed because there are no "magic" or specific words necessary to create the same, just intent shown by a non-reversible action, such as the execution and filing of the deed. The only way the outcome of the [t]rial [c]ourt could be arrived at is if [] Callen-Foertsch lacked capacity to grant the Gift Deed to [Appellant]. As a matter of law, a tenancy in common was created between [] Appellant and [Callen]. It is impossible for [] Appellant and [Callen] to own the Property as JTWROS because [] Appellant and [Callen] have only the unity of possession between them after the Gift Deed. The correct outcome is [Callen] is now a tenant-in-common with [] Appellant and should now own a one-half, undivided interest in the whole. [] Appellant's ownership was effective the moment the Gift Deed was executed.

*Id.* at 18-19 (footnote omitted).

In contrast, Callen claims the trial court properly determined that the Gift Deed "did not destroy" the JTWROS. Callen's Brief at 6 (unnumbered). Callen stresses that "the explicit wording" of the Gift Deed "showed no intent to sever the JTWROS to create a tenancy in common." *Id.* at 9. He argues that Callen-Foertsch "intended to transfer only her interest," which "was that of JTWROS, so that is all she transferred," and the "interest passed by operation of law to [Callen] once she died." *Id.* Callen reasons that the language in the Gift Deed was "not sufficient to manifest an intent to sever"

because it was "far from clear and unequivocal" and "far from strong." *Id.* at 12.

There is no legal authority that requires a joint tenant to use explicit or specific language to sever a JTWROS. When addressing the creation of a JTWROS, courts "have found the intent to create a JTWROS trumps the use of imprecise or improper language in creating it." *In re Est. of Quick*, 905 A.2d at 474. A "JTWROS must be created by express words or by necessary implication, but there are no particular words which must be used in its creation." *Id.* (citation omitted). There is no similar authority for severance. No law or case provides that inartful language is sufficient to sever a JTWROS, or conversely, that severance requires specific wording. Rather, a joint tenant may unilaterally sever a JTWROS, "so long as the act clearly and unequivocally signifies an intent to sever." *Id.* at 475 (citation omitted).

The Gift Deed is problematic because it does not signify Callen-Foertsch's intent. The Gift Deed does not mention the JTWROS or Callen, but states that Callen-Foertsch "does hereby give, assign, transfer, and set over unto [Appellant] all right, title, and my interest in and to the [P]roperty and mineral rights, together with all improvements located thereon…." Complaint at Exhibit B. At argument, the trial court asked Appellant's counsel:

> THE COURT: [Callen's] counsel said that the law is that you need clear proof that the intent was to destroy the [JTWROS]; do you agree with that?
>
> [APPELLANT'S COUNSEL]: I do agree with that, Your Honor. Clear proof for us is that [Callen-Foertsch] with capacity filed a [G]ift [D]eed granting—

THE COURT:     That says, "my interest."

N.T. at 5.  The court continued:

> [Callen-Foertsch] gave "my interest."  I'm looking at the [1990 Deed] to [Callen-Foertsch and Callen].  The [1990 Deed] very clearly sets forth what the intent of that deed was.  This [G]ift [D]eed only says "my interest."  It doesn't say, "Giving my interest making this a tenancy in common"; it says "my interest."  I'm looking at the documents, and to me, th[e omission is] pretty clear….

*Id.* at 6.  The court stated that it "was struggling with" whether Callen-Foertsch severed the JTWROS.  *Id.* at 7.  Nonetheless, the court entered judgment on the pleadings.

In its opinion, the court referenced the language in the Gift Deed, and Callen's argument that there was "no such clear and unequivocal evidence manifesting [Callen-Foertsch's] intent to create a tenancy in common[,] in that the language … simply states that [Callen-Foertsch] is transferring 'my interest….'" Trial Court Opinion, 9/25/23, at 3.  The court reasoned:

> [Unlike the 1990 Deed, t]here is no such clarity in the [G]ift [D]eed.  Interpreted as written, [Callen-Foertsch] only gave "my interest" in the [P]roperty.  Her interest was as a joint tenant with right of survivorship, and when she died, her interest died.  Had [] Callen died first, [Appellant] would own the property, but that did not happen.  [Appellant] has no interest in the property….

*Id.*  We cannot agree with this reasoning and the entry of judgment on the pleadings.

Appellant construes the Gift Deed's language as showing Callen-Foertsch's intent to sever the JTWROS and create a tenancy in common between Appellant and Callen, while Callen reads the Gift Deed's language as

- 11 -

showing that Callen-Foertsch had no intent to create a tenancy in common. Neither interpretation is unreasonable. A joint tenant's intent is "the ultimate guide when there is doubt or ambiguity regarding a covenant in a contract or a term in a grant." *In re Est. of Quick*, 905 A.2d at 476 (citation omitted). When interpreting a deed, "intent is determined by the situation and conduct of the parties, surrounding circumstances, the object they had in view and the nature of the subject matter." *Russo v. Polidoro*, 176 A.3d 326, 329 (Pa. Super. 2017) (citation omitted). Further, "all of the attending circumstances existing *at the time of the execution of the instrument* should be considered to aid in determining the apparent object of the parties." *Id.* (italics in original).

Upon review of the pleadings and law, we are compelled to reverse the order granting judgment on the pleadings and remand for further proceedings.[5] At a minimum, the parties shall engage in discovery regarding "the attending circumstances existing" when the Gift Deed was executed. *Id.; see also Del Quadro v. City of Philadelphia*, 437 A.2d 1262, 1263 (Pa. Super. 1981) (stating "in close cases … it would seem that the preferable approach is to await the filing of affidavits and depositions and then to consider the issue on a motion for summary judgment").

Order reversed. Case remanded. Jurisdiction relinquished.

---

[5] As Appellant's first issue is dispositive, we need not address her second issue.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary

7/15/2025